M. A. BAKER v. BRYANT LEGGET.

*Attachment—Constitution—Homestead—Mortgage.*

1. The right to a homestead depends upon residence in the State.

2. Where a debtor, a resident of the State, mortgaged property to which he would have been entitled as homestead, and then removed from the State, and afterwards, but prior to the registration of the mortgage, the judgment creditor had it levied upon and sold under an attachment; *Held*, that the judgment creditor obtained a good title.

(*Adrian* v. *Shaw*, 82 N. C., 474; *S. C.*, 84 N. C., 832, and *Watkins* v. *Overby*, 83 N. C., 165, cited).

CIVIL ACTION, tried before *Clark, Judge*, at January Term, 1887, of ROBESON Superior Court.

It appeared that on the 26th of December, 1877, Addison Regan owned, and he and his family resided upon the tract of land in question, situate in the county of Robeson; that it was all he had, and of value less than $500; that he was at that time indebted to the plaintiff by notes for considerable sums of money, and to secure the payment of such notes, on the day mentioned, he and his wife executed to the plaintiff a mortgage of this land, which was not registered until the 23d of January, 1878; that before the registration of this mortgage, the said Reagan and his family removed from and ceased to be residents and citizens of this State, going to the State of Georgia, where they became citizens; that after they so removed, on the 17th day of January, 1878, the defendant in this action began his action against the said Reagan before a justice of the peace, and therein duly obtained a warrant of attachment, which, on the same day was levied upon the land mentioned; that on the 21st of February, 1878, the plaintiff in that action—the present defendant—obtained judgment, which was regularly docketed in the Superior Court of the county named; that thereupon a

*venditioni exponas* was issued, and the land so levied upon was sold by the sheriff of the county mentioned, the present defendant becoming the purchaser, and taking from the sheriff a proper deed of conveyance therefor.

The defendant is in possession of the land, claiming title thereto by virtue of the sheriff's deed mentioned; the plaintiff claims title to the same by virtue of the said deed of mortgage. He contends that the land was the homestead of the mortgagor, Regan; that he might execute a mortgage of the same, as he did; that the land was not subject to be levied upon to pay the defendant's judgment, because it was such homestead.

The facts were agreed upon and submitted to the Court for its judgment. The Court, upon consideration, gave judgment for the defendant, and the plaintiff appealed to this Court.

*Messrs. T. A. McNeil* and *F. McNeil*, for the plaintiff.
*Mr. W. F. French*, for the defendant.

MERRIMON, J., (after stating the case). The right of *homestead* provided and secured by the Constitution (Art X, §§2, 5, 8,) is incident to residence in this State. Only residents have and are entitled to it. A non-resident has no such right, although he may be the owner of real property situate in the State. The terms of the Constitution do not embrace him, and moreover, the plain purpose is to exempt the homes of those who have or can acquire them "from sale under execution or other final process obtained on any debt." He has no home for himself or his family, and the reason for the exemption as to him does not exist.

And when a resident removes from the State and becomes a resident elsewhere, he thereby abandons—relinquishes his right of homestead—as to him it becomes suspended—he ceases to be within the terms, the purpose or spirit of the

constitutional provision, and all the property, both real and personal, that he may leave behind him becomes at once subject to the satisfaction of his debts; there is in that case no longer any exemption in his favor. No doubt he might, before removing from the State, in good faith sell or part with his homestead in any lawful way, and the purchaser would get a good title for the land, and having turned the same into cash or other personal property, he might take so much of it as would be exempt from sale with him, but as to such as he might leave behind no exemption would prevail.

The plaintiff contends that while the land in question constituted the homestead of his debtor Regan, he took a mortgage upon it to secure his debt, as he might lawfully do. But, unfortunately for him, he failed to have that mortgage registered; if he had done so, then he had been secure as to it. While Regan remained in this State the homestead right helped the plaintiff, because the homestead itself was exempt from sale under execution or other final process, and his mortgage was effectual between the mortgagor and mortgagee without registration, but as soon as the mortgagor removed from the State, he left the land—his late homestead—relieved from the quality of exemption, and exposed to the right of his creditors to have the same sold to pay their debts. The plaintiff's mortgage, unregistered, was not effectual as against creditors of the mortgagor, and hence at once upon his removal from the State, any creditor of his might levy his attachment upon it, or sell it under any other process, for the purpose. The plaintiff's unregistered mortgage did not place him upon any better footing after the removal than any other creditor. It was his folly or his misfortune that he failed to promptly register his mortgage. The defendant, seeing his opportunity, levied his attachment on the land, and thereby secured a special lien that preceded that created by the plaintiff's mortgage, which was not registered

until after the levy of the attachment, when it first became effectual as against creditors. The lien of the attachment was precedent to it, and when the defendant bought the land at the sale of the sheriff, made under and in pursuance of the writ of *venditioni exponas*, founded upon the judgment and levy of the attachment mentioned, he got a good title. *Adrian* v. *Shaw*, 82 N. C., 474; same case, 84 N. C., 832; *Watkins* v. *Overby*, 83 N. C., 165.

There is no error and the judgment must be affirmed.

Affirmed.