GEORGE E. RANSOM v. BOARD OF COMMISSIONERS OF
WELDON ET AL.

(Filed 21 September, 1927.)

**Taxation—Intangible Property—Where Payable—Residence—Domicile.**

Under the provisions of C. S., 7912, where a person has not resided in the place of his domicile, his solvent credits and intangible property should be listed for taxation and are payable at the place in which he has

dwelt for the longest period of time during the year preceding the first of May, and where the fact is established that he has dwelt for fourteen continuous years preceding that date in a county different from his domicile, his taxes for such property are properly listed and payable in the former place.

APPEAL by plaintiff from *Grady, J.,* at March Term, 1927, of HALIFAX.

Civil action to restrain the defendants from placing on the tax books of the town of Weldon, and collecting taxes thereon, solvent credits and intangible personal property listed by the plaintiff for taxation in Northampton County, the county of his domicile, during the years 1919 to 1925, but not listed for taxation during said years in Halifax County, the county of his residence.

From a judgment in favor of defendants, the plaintiff appeals, assigning errors.

*Travis & Travis and Elliott B. Clark for plaintiff.*
*George C. Green and Daniel & Daniel for defendants.*

STACY, C. J. Plaintiff was born in Northampton County, this State, and it is established by the verdict that he is still domiciled in said county, but he has actually resided in the town of Weldon, Halifax County, N. C., continuously since 1912 or 1913. Plaintiff is 57 years old, unmarried, and lives in a hotel in said town.

The appeal presents the single question as to whether intangible personal property is required to be listed for taxation in the county of one's residence or in the county of his domicile, where the two are different.

Ordinarily, a man's residence and his domicile are at the same place, *i. e.,* he usually resides at his domicile. *Reynolds v. Cotton Mills,* 177 N. C., 412, and cases there cited. It is only when a person has a domicile in one place and resides in another that the distinction between the two becomes important. We are not now concerned, however, with the indicia which distinguish the one from the other, as the fact situation of domicile in one county and residence in another is established by the record. *Roanoke Rapids v. Patterson,* 184 N. C., 135.

It is provided by C. S., 7912, that "all taxable polls and all personal property shall be listed in the township in which the person so charged resides on the first day of May" (with certain exceptions not presently material), and the "residence of a person who has two or more places in which he occasionally dwells shall be that in which he dwells for the longest period of time during the year preceding the first day of May."

It is found by consent that the plaintiff resides in the town of Weldon and has so resided for the last fourteen or fifteen years, hence, his solvent credits and intangible personal property, the subject of the present litigation, have properly been listed for taxation by the defendants at the place of his residence. This was the holding of the court below, and we affirm the judgment. No point is made of the fact that Halifax County is not a party to the proceeding.

Affirmed.