S. D. SCOTT & COMPANY v. J. H. JONES, INDIVIDUALLY AND TRADING AS
J. H. JONES HATCHERY,
and
MILDRED B. HOOKER v. JOE HENRY JONES.

(Filed 9 March, 1949.)

**1. Process § 6—**

Service of process by publication and attachment is valid only when the provisions of the statute have been strictly complied with. G.S. 1-99, G.S. 1-440.7; G.S. 1-440.14.

**2. Same—**

The statutory requirement that service of summons by publication be not less than once a week for four successive weeks requires that the publication be spaced substantially at seven day intervals for four successive weeks, and therefore, while it is not required that twenty-eight days elapse between the first and fourth publication, a publication on Saturday of one week and on Monday of each of the following three weeks, is insufficient to meet the requirements of the statute.

**3. Judgments §§ 21d, 27b—**

Where judgment has been rendered upon an insufficient publication of notice of summons and attachment, the judgment is void and does not constitute a lien upon the lands of the judgment debtor.

**4. Judgments §§ 21d, 25—**

Where a judgment by default final instead of by default and inquiry has been rendered for goods sold and delivered on open account, the judg-

ment is not void but is merely irregular, G.S. 1-211, G.S. 1-212, and when no attack is made upon it at the hearing, it constitutes a valid lien upon the lands of the judgment debtor.

**5. Homestead § 2—**

Homestead interest in land is terminated by the owner's removal from the State. N. C. Constitution, Art. X, sec. 2.

**6. Same—Evidence held insufficient to support finding that judgment debtor was resident of this State.**

Where the judgment debtor through counsel makes a special appearance and orally claims his homestead exemption, but the judgment creditor introduces evidence that he had moved his residence from this State to a city of another state, where he was employed and had given a home address in that city, and the judgment debtor's only evidence is an affidavit of some person of that city that the judgment debtor was not known at the address given, *held:* the judgment creditor has rebutted the presumption that the judgment debtor, having been a resident of this State, continued to reside here, and the evidence is insufficient to support a finding by the court that the judgment debtor is a resident and entitled to homestead.

**7. Appeal and Error § 40d—**

Findings of fact made by the trial court are not conclusive when they are not supported by evidence.

APPEAL by plaintiff S. D. Scott & Co. and Lindsey-Robinson Co., movent, from *Morris, J.,* at Chambers, 18 December, 1948, of PASQUOTANK.

Scott & Co. and Lindsey-Robinson Co., judgment creditors of defendant Jones, filed motions in the case of *Hooker v. Jones* to determine the priority of right between them as to a fund in the hands of the Clerk derived from partition sale of real property of defendant Jones. The judgment debtor Jones through counsel made oral claim for homestead right in this fund.

In October, 1947, Mildred B. Hooker, tenant in common with Joe Henry Jones in certain real property in the county, instituted proceeding for the sale thereof for partition. 14 July, 1948, the land was sold and the net share of defendant Jones, amounting to $998.52, was paid into the office of the Clerk of the Superior Court for the purpose of disposition to Jones or his judgment creditors as their interests might appear. Thereafter S. D. Scott & Co., claiming judgment in the sum of $3,036, and Lindsay-Robinson Co., judgment creditor, in the sum of $4,877, filed motions that they be adjudged entitled to the fund, each claiming priority of right.

There was no controversy as to the facts. The Lindsay-Robinson Co.'s action was begun 18 March, 1948, for goods sold and delivered on open account. Summons was personally served on defendant Jones

27 March, 1948, and, no answer having been filed by him, judgment by default final was rendered by the Clerk 3 May, 1948, and judgment docketed.

S. D. Scott & Co.'s action was begun 5 April, 1948, the complaint alleging debt of $3,036 evidenced by two checks aggregating $1,873, and account stated $1,163. Summons was returned by the Sheriffs of Pasquotank and Currituck Counties that defendant was not to be found in either of said counties. 8 April on affidavit that defendant Jones was a nonresident of the State, owning property therein, and was indebted to plaintiff as above, and that summons had issued therefor and bond given, warrant of attachment was issued. The Sheriff levied attachment on defendant Jones' interest in the real estate described in *Hooker v. Jones,* and the Sheriff's return to the warrant of attachment with description of the land was docketed on the judgment docket 9 April, 1948. Notice of. *lis pendens* was also filed. 22 April, 1948, plaintiff filed affidavit that summons had been returned that defendant was not to be found, and that defendant could not after due search and diligence be found in the State of North Carolina, that defendant was a nonresident of the State owning property therein, and that a cause of action as above stated existed in favor of plaintiff, and that warrant of attachment had been levied on described real property, and prayed that an order be made for publication of summons and notice of attachment.

Thereafter, on 23 April, it was ordered that publication of notice of summons and attachment be made in *The Independent,* a newspaper published in the County, once a week for four successive weeks, requiring defendant to appear within 20 days after 25 May, 1948, and answer or demur. The notice was published first time Saturday, 24 April, and again on Monday, 26 April, Monday, 3 May, and last on Monday, 10 May. No answer having been filed, the Clerk, on 19 June, 1948, rendered judgment by default final for the sum alleged, decreeing that the judgment constituted a lien on the property attached.

The respective motions of S. D. Scott & Co. and of Lindsey-Robinson Co., each asserting prior right to the fund, were heard by Morris, J., at chambers, 18 December. Scott & Co. claimed priority by virtue of the attachment, and that the lien of the judgment pursuant thereto related back to the docketing of· the attachment. *Pierce v. Mallard,* 197 N.C. 679, 150 S.E. 342. Lindsey-Robinson Co. claimed its judgment was prior in time, and that Scott & Co.'s judgment should be held void for that the purported service of summons and attachment was insufficient to bring the defendant into court because not published for the length of time required by the statute.

At the hearing defendant Jones, appearing specially through counsel, moved to vacate the attachment and judgment of Scott & Co. for failure

to publish notice of summons and attachment in accordance with the statute. Defendant Jones, also, through counsel, orally claimed that he was a resident of the State and entitled to homestead exemption in the fund.

It was held that Scott & Co.'s judgment was invalid for insufficient publication of notice of summons and attachment, and that no lien in its favor attached to the fund; that the judgment of Lindsey-Robinson Co. constituted a first lien on the fund, but that defendant Jones was a resident of the State and entitled to homestead exemption in the fund, it being regarded for this purpose as real property. Judgment was rendered accordingly.

S. D. Scott & Co. appealed from the judgment vacating its judgment and lien, and Lindsey-Robinson Co. appealed from so much of the judgment as held defendant Jones a resident of the State and entitled to homestead.

*McMullan & Aydlett and John H. Hall for Lindsey-Robinson Co., appellant.*

*Killian Barwick and J. Henry LeRoy for plaintiff S. D. Scott & Co., appellant.*

*Harry B. Brown for defendant Joe Henry Jones, appellee.*

### APPEAL OF S. D. SCOTT & CO.

DEVIN, J. The court below ruled that the purported service of process by publication upon the defendant Jones was invalid, and that the judgment based thereon created no lien on the fund derived from the sale of defendant's real property. The appeal presents for review the propriety of this ruling.

The only attack upon the validity of the proceedings whereby this plaintiff sought to bring the defendant Jones into court was that the publication in the newspaper of the summons and notice of attachment was insufficient. The statute, G.S. 1-99, prescribes that service of summons by publication shall be for "not less than once a week for four successive weeks," and in like manner the notice of attachment must be published once a week for four consecutive weeks. G.S. 1-440.7, G.S. 1-440.14 (Session Laws 1947, c. 693, s. 1). Here the first publication in the newspaper was on Saturday, 24 April; the next on Monday, 26 April, Monday, 3 May, and, last, Monday, 10 May. So that the entire period of publication occupied 16 days. Another statute, G.S. 1-100, provides that the summons shall be deemed served at the expiration of 7 days from date of last publication. Thus, according to appellant's interpretation of the statute, 23 days after first publication the defendant was "then in court."

We think the court ruled correctly that the publication was insufficient to constitute valid service. The service of process by publication upon an individual nonresident, as here alleged, is valid only when the provisions of the statutes authorizing constructive service have been strictly complied with. *Southern Mills, Inc. v. Armstrong,* 223 N.C. 495, 27 S.E. 2d 281; *Ditmore v. Goins,* 128 N.C. 325, 39 S.E. 61. The primary purpose of the requirements as to publication is to give notice to the defendant, and publication in a newspaper of general circulation in the County is permitted as the most likely means available for that purpose. Hence, the minimum time prescribed is essential for establishing constructive notice. Publication for a period, or in a manner, less than that prescribed would be insufficient in law to bring the defendant constructively into court or justify a judgment based thereon. *Guilford Co. v. Georgia Co.,* 109 N.C. 310, 13 S.E. 861; 50 C.J. 540.

The requirement that publication be made not less than once a week for four successive weeks is not complied with by the publication here shown. The statutory provisions as to time and method of giving notice are mandatory. According to Webster a week is "a period of seven days, usually reckoned from one Sabbath or Sunday to the next," but when used to denote a space of time it usually means seven days duration without regard to the particular day on which it commences. *Leach v. Burr,* 188 U.S. 510, 52 A.J. 337. The expression not less than once a week for four successive weeks contemplates a publication once each week for four consecutive weeks, and this should be understood to require that the publications be spaced substantially at intervals of 7 days for four successive weeks as being best calculated to give notice. 31 A.J. 429; *Young v. Downey,* 145 Mo. 250; *Morse v. U. S.,* 29 App. (D.C.) 433. The four publications need not occupy the full period of 28 days and may be deemed completed with less than that number of days intervening between first and last publication when considered in connection with the statutory provision that service shall be deemed complete 7 days after last publication. Thus, under the statutes now in effect, a publication on the 1st, 8th, 15th, and 22nd would be sufficient, though there be less than 28 days between the first and last publication. *Guilford Co. v. Georgia Co., supra; Myakka Co. v. Edwards,* 68 Fla. 372; *Owens v. Graetzel,* 146 Md. 361, 39 A.L.R. 950; *In re Wright,* 224 N.Y. 293; 50 C.J. 540; 42 A.J. 87; 52 A.J. 337. See also *Heist v. Dunlap Co.,* 193 Ga. 462; *Hollister v. Vanderlin,* 165 Pa. 248; Ann. Cas. 1917 B, 209.

But the publication here shown must be held insufficient to give the court jurisdiction or to authorize a valid judgment based thereon.

While the decisions of this Court are not directly in point, and the decisions in other jurisdictions are not uniform and afford but little assistance in determining the precise question now presented, we think

the rule herein stated interprets the legislative purpose in the enactment of the statutes quoted relating to the service of process by publication.

It is argued that the publication here of the summons on Saturday, 24 April, and again on Monday, the 26th, showed publication on a day of each week, and hence constituted two weeks publication. We cannot agree. This interpretation of the statute would reduce the period and method of publication below the minimum required to constitute legal notice which would subject defendant's real property to the jurisdiction of the court.

While the judgment of the Lindsey-Robinson Co. seems to have been rendered by default final upon a complaint for goods sold and delivered (G.S. 1-211, G.S. 1-212), the judgment was not void, and there was no effort at the time of the hearing to attack it as irregular. Hence, the ruling of the judge below must be upheld. *Supply Co. v. Plumbing Co.,* 195 N.C. 629, 143 S.E. 248; *Jeffries v. Aaron,* 120 N.C. 167, 26 S.E. 696.

## Appeal of Lindsey-Robinson Co.

At the hearing on the respective motions of Scott & Co. and Lindsey-Robinson Co. as judgment creditors of defendant Jones to be declared entitled to the fund in the hands of the Clerk derived from sale of defendant's real property, counsel representing defendant Jones appeared and orally requested the allotment of the defendant's homestead exemption in the $998 fund, on the ground that he was and still is a resident of the State. The court so found and rendered judgment accordingly. Lindsey-Robinson Co. appealed. Jones did not personally appear, nor has he appeared in any of the proceedings herein referred to, nor has he testified or offered any evidence or affidavit on the issue. The appellant offered several affidavits in opposition to defendant's motion. From this evidence it appears that Jones sold out his business in Elizabeth City 19 March, 1948; that thereafter he could not be found in Pasquotank or Currituck Counties; that from information derived from his family and others the Sheriffs of these counties testified on information and belief Jones had removed from the State and was not a resident of North Carolina; that according to the testimony of the Vice-President of Rosedale Dairy of Norfolk, Virginia, defendant Jones has been employed since middle of September as a driver of one of its delivery trucks in Norfolk; that he gave his home address as 620 South Street, Portsmouth, Virginia. Counsel for defendant Jones offered only the affidavit of some person in Portsmouth that he was not known at that address. While it seems Jones was formerly a resident of Pasquotank County, and nothing else appearing, would be presumed to have continued to reside there, the evidence in the record rebuts that presumption. Homestead interest in land is terminated by the owner's removal from the

State. Constitution of North Carolina, Art. X, sec. 2; *Baker v. Legget,* 98 N.C. 304, 4 S.E. 37; *Fulton v. Roberts,* 113 N.C. 421, 18 S.E. 510; *Brann v. Hanes,* 194 N.C. 571, 140 S.E. 292; *Ransom v. Commissioners,* 194 N.C. 237, 139 S.E. 232; *Owens v. Chaplin,* 228 N.C. 705, 47 S.E. 2d 12.

While the findings of the judge, when based on evidence, are conclusive as to facts found, this rule does not apply when there is no evidence to support the finding. The exception of the Lindsey-Robinson Co. on this ground must be sustained, and the order of the judge, based on such finding, which holds that the fund is subject to defendant's homestead right, must be set aside as improvidently entered.

No procedural questions were raised in any of the matters presented for hearing below.

On appeal of Scott & Co.: Judgment affirmed.

On appeal of Lindsey-Robinson Co.: Judgment reversed.