JAMES A. SINK v. KENNETH WESLEY EASTER, JR.

No. 93

(Filed 25 January 1974)

1. Actions § 10; Rules of Civil Procedure §§ 3, 4— issuance of summons — extension of time to file complaint — inability to gain personal service — alternate service by publication

　　Where plaintiff instituted an action. against defendant by issuing a summons and obtaining an extension of time within which to file a complaint, the summons and extension order were delivered to the Sheriff of Guilford County who returned them to the clerk of court unserved with the notation that defendant was in Amsterdam and his address was unknown, and plaintiff's attorney then called the residence of defendant in High Point and was advised that defendant was in Amsterdam and the party at his residence did not have his address or know how long he would be in Europe, plaintiff could have and therefore should have effected personal service of process by leaving copies of the summons and court order at defendant's High Point residence with a person of suitable age and discretion living there, and the attempted service of process by publication under Rule 4(j)(9)c was void.

2. Process § 10— service by publication — strict construction of statutes

　　Service of process by publication is in derogation of the common law; therefore, statutes authorizing it are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute.

3. Rules of Civil Procedure § 4— service of process by publication — mailing of notice to known address required

　　Even if service of process by publication under Rule 4(j)(9)c had been proper in this case, the service would still have been fatally defective for failure to mail a copy of the notice of service of process by publication to defendant's known High Point address.

4. Process § 10; Rules of Civil Procedure § 4— action dismissed — authority of court to act — failure of stipulation to revive action

　　Where plaintiff did not continue the action in existence by securing an endorsement upon the original summons for an extension of time within which to complete service of process and did not sue out an alias or pluries summons, the action was discontinued ninety days after the summons was issued, and the court was thereafter without authority to entertain defendant's motion for summary judgment or to enter any judgment in the action except a formal order of dismissal; furthermore, defendant's stipulation long after the action was discontinued that "after the period of limitation had run, defendant was served by publication," could not and did not revive the action.

ON *certiorari* to the Court of Appeals to review its decision, 19 N.C. App. 151, 198 S.E. 2d 43 (1973), reversing judgment of *Long, J.,* 6 November 1972 Session, DAVIDSON Superior Court.

---

---

Civil action by the father of a minor to recover medical expenses incurred by him for injuries to the minor allegedly inflicted by defendant's negligence.

The automobile accident in which plaintiff's minor daughter was injured by the alleged negligence of the defendant occurred on 6 September 1968.

On 4 September 1971 summons was issued in this action; and on the same day plaintiff applied to the court for an extension of time within which to file his complaint, stating in the application the nature and purpose of the action. The court extended the time for filing complaint to 24 September 1971, ordering a copy of the application and order to be delivered to defendant with a copy of the summons.

On 10 September 1971 the sheriff returned the summons and order extending time to file complaint with the following notation: "Kenneth Wesley Easter not to be found in Guilford County—in Amsterdam address unknown."

On 23 September 1971 the complaint was filed. Notice of service of process by publication was published on 1, 8 and 15 October 1971 in The Thomasville Times.

On 11 November 1971 defendant, having returned from Amsterdam, filed a written motion to dismiss under Rule 12(b) of the Rules of Civil Procedure on the ground that he had not been served with process and the court lacked jurisdiction. This motion was denied by Judge Wood in an order dated 27 December 1971 but not filed until 27 March 1972. Defendant was allowed thirty days within which to answer or otherwise plead. Defendant excepted to the denial of his motion.

On 25 April 1972 defendant filed answer denying negligence on his part and raising the defenses of (1) lack of jurisdiction over defendant by reason of improper service of process, (2) the statute of limitations, G.S. 1-52, and (3) contributory negligence of the injured minor.

On 4 August 1972 defendant moved for summary judgment pursuant to the provisions of Rule 56, Rules of Civil Procedure, on the ground that the action was commenced more than three years after the date of the accident and after the cause of action accrued. In support of his motion defendant contended that the action was not commenced when the summons was is-

sued because the summons and order extending time to file complaint were never served. Therefore, defendant argues the action was not commenced until 23 September 1971 when the complaint was filed. On 22 November 1972 Judge Long allowed the motion, entered summary judgment in favor of defendant, and plaintiff appealed.

The Court of Appeals reversed for the reasons stated in its opinion, and we allowed certiorari to review that decision.

*Walser, Brinkley, Walser & McGirt by Charles H. McGirt, Attorneys for the defendant appellant.*

*Charles F. Lambeth, Jr., Attorney for plaintiff appellee.*

HUSKINS, Justice.

The question presented for review is whether the trial court erred in granting defendant's motion for summary judgment. To reach the correct answer we must first determine when the action was commenced, and then determine whether defendant was duly served with process.

Rule 3 of the North Carolina Rules of Civil Procedure (G.S. 1A-1, Rule 3) reads as follows:

"A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing.

A civil action may also be commenced by the issuance of a summons when

(1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

(2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate."

---

Sink v. Easter

---

Plaintiff chose to follow the procedure which permits an action to be commenced by the issuance of a summons. He had a summons issued on 4 September 1971, made application to the court stating the nature and purpose of his action, and obtained the requisite court order granting permission to file the complaint within twenty days. On 23 September 1971, a date within the authorized period, plaintiff filed his complaint. Having proceeded in accordance with Rule 3, plaintiff's action against the defendant, Kenneth Wesley Easter, Jr., was properly commenced on 4 September 1971.

Rule 3 specifies that the summons and court order shall be served in accordance with the provisions of Rule 4, and when the complaint is filed it shall be served either by registered mail or in accordance with the provisions of Rule 4. The usual and most frequently employed methods for service of process on a natural person are personal service and substituted personal service. Rule 4(j)(1)a provides for service of process upon a natural person "[b]y delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . . "

Acting pursuant to Rules 3 and 4(a), plaintiff delivered the summons and court order extending time to file the complaint to the Sheriff of Guilford County. On 10 September 1971 the summons was returned to the clerk of court unserved with the following notation thereon: "Kenneth Wesley Easter not to be found in Guilford County—in Amsterdam address unknown." According to an affidavit filed by plaintiff's attorney, he then "called the residence of the defendant in High Point and was advised that the defendant was in Amsterdam but that the party *at his residence* did not have his address and did not know how long the defendant would remain in Europe or in Amsterdam, the Netherlands." (Emphasis added.)

[1]  It thus appears that plaintiff could have and therefore should have effected personal service of process by leaving copies of the summons and court order at defendant's High Point residence with a person of suitable age and discretion living there, *see* G.S. 1A-1, Rule 4(j)(1)a; Annot. 32 A.L.R. 3d 112, § 12[a] (1970). Instead of doing so, he chose to institute service of process by publication. On these facts, defendant was not subject to service of process by publication under Rule 4(j)(9)c. Therefore, the attempted service of process by means of publi-

cation was void. *See Byrd v. Piedmont Aviation, Inc.,* 256 N.C. 684, 124 S.E. 2d 880 (1962) ; *Scott & Co. v. Jones,* 230 N.C. 74, 52 S.E. 2d 219 (1949). But if the facts were otherwise, it appears that even under the method chosen, service of process would still be fatally defective.

Rule 4(j)(9)c, which sets forth the procedure for service of process by publication, reads in pertinent part as follows:

> "c. Service by publication.—A party subject to service of process under this subsection (9) may be served by publication whenever the party's address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained, or there has been a diligent but unsuccessful attempt to serve the party under either paragraph a or under paragraph b or under paragraphs a and b of this subsection (9). Service of process by publication shall consist of publishing a notice of service of process by publication in a newspaper qualified for legal advertising in accordance with G.S. 1-597, 1-598, and published in the county where the action is pending or, if no qualified newspaper is published in such county, then in a qualified newspaper published in an adjoining county, or in a county in the same judicial district, once a week for three successive weeks. *If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.* Upon completion of such service there shall be filed with the court an affidavit showing the publication *and mailing* in accordance with the requirements of G.S. 1-75.10(2) and the circumstances warranting the use of service by publication." (Emphasis added.)

Examination of the notice of service of process by publication discloses that it is in substantial compliance with statutory requirements. *See* Rule 4(j)(9)c. The notice of service of process was published in The Thomasville Times on 1, 8, and 15 October 1971, such publication meeting the requirement that publication be made for three successive weeks in a qualified newspaper. The business manager of the publisher of The Thomasville Times furnished the publisher's affidavit showing compliance with the publication requirements of G.S. 1-75.10(2),

and plaintiff's attorney filed an affidavit specifying the circumstances which he thought warranted the use of service by publication. Rule 4(j)(9)c. However, there was no affidavit filed showing the mailing of the notice of service of process by publication to defendant's High Point address, *although that address was known.* In the absence of such an affidavit, we can only conclude that the mailing required by Rule 4(j)(9)c. and G.S. 1-75.10(2) was omitted. Such mailing may be omitted only if the post-office address cannot be ascertained in the exercise of reasonable diligence.

[2] In many cases dealing with process, this Court has applied the rule that "[s]ervice of process by publication is in derogation of the common law. Statutes authorizing it, therefore, are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute." *Harrison v. Hanvey,* 265 N.C. 243, 143 S.E. 2d 593 (1965). *Accord, e.g., Jones v. Jones,* 243 N.C. 557, 91 S.E. 2d 562 (1956); *Nash County v. Allen,* 241 N.C. 543, 85 S.E. 2d 921 (1955); *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144 (1951).

This rule has been applied in a number of cases dealing with service of process by publication under the law as it existed prior to the passage of Rule 4(j)(9). Prior to repeal by the 1971 General Assembly, G.S. 1-99.1 through G.S. 1-99.4 contained the procedural requirements for service of process by publication. According to the *Comment* to Rule 4, "[t]he mechanics of service by publication have not been substantially changed." One change has been made, however, in regard to the requirements of a mailing. Under the prior law, G.S. 1-99.2(c) (repealed 1971), the clerk of court, rather than the plaintiff, was the person required to mail a copy of the notice of service of process by publication to the defendant. In *Harmon v. Harmon,* 245 N.C. 83, 95 S.E. 2d 355 (1956), where plaintiff's affidavit actually specified the address of the party to be served by publication, judgment was vacated for failure of the court clerk to mail the notice of service of process by publication.

In *Harrison v. Hanvey, supra,* plaintiff's attorney failed to satisfy the statutory requirements in that his affidavit failed to either set out the address of the defendant or state that it was unknown. Plaintiff's attorney knew of several addresses at which defendant had lived since the cause of action accrued but failed

to state them in the affidavit. Since there was no address specified in the affidavit, the clerk of court never made the mailing. Both of these failures are listed as fatal defects in the purported service of process by publication.

In *Edwards v. Edwards,* 13 N.C. App. 166, 185 S.E. 2d 20 (1971), a divorce action, the court set aside judgment for lack of jurisdiction over defendant because "plaintiff failed to comply with the statute not only in failing to file the affidavit required by G.S. 1A-1, Rule 4(j)(9)(c) [sic], but in failing to file affidavit that notice of publication had been mailed as required by statute or in the alternative, a showing that reasonable diligence had been exercised, without success, to determine defendant's post office address."

[3] Thus, even if defendant had been subject to service of process by publication, which he was not, the purported service in this case would still be fatally defective for failure to mail a copy of the notice of service of process by publication to defendant's known High Point address.

Since there was no valid service of process, the court acquired no jurisdiction over defendant, *Scott & Co. v. Jones,* 230 N.C. 74, 52 S.E. 2d 219 (1949), and defendant's motion to dismiss under Rule 12(b) on jurisdictional grounds should have been allowed by Judge Wood.

[4] When the summons was returned unserved by the Sheriff of Guilford County, plaintiff did not continue the action in existence by securing an endorsement upon the original summons for an extension of time within which to complete service of process, Rule 4(d)(1), and did not sue out an alias or pluries summons returnable in the same manner as the original process pursuant to Rule 4(d)(2). This action was therefore discontinued ninety days after 4 September 1971, the date the summons was issued. Rule 4(e). Thereafter, the court was without authority to entertain defendant's motion for summary judgment or to enter any judgment in the action commenced on 4 September 1971 except a formal order of dismissal. *See Clark v. Homes,* 189 N.C. 703, 708, 128 S.E. 20, 23 (1925). Defendant's stipulation long after the action was discontinued that "after the period of limitation had run, defendant was served by publication," could not and did not revive the action.

For the reasons stated, the decision of the Court of Appeals is reversed, and the action is remanded to the Court of Appeals

for further remand to the Superior Court of Davidson County with instructions to dismiss for lack of jurisdiction.

Reversed and remanded.