## SNEAD v. FOXX

[329 N.C. 669 (1991)]

MARTHA SUE SNEAD v. ANGELIA MARIE FOXX and JAMES EDWARD PAYNE

No. 490PA89

(Filed 14 August 1991)

1. **Actions and Proceedings § 18 (NCI4th); Process § 3.2 (NCI3d) — discontinuance of action — issue raised and decided in trial court**

     The issue of whether this action was discontinued for failure to comply with the provisions of Rule 4(d) was both presented to and decided by the trial court where defendant's motion to dismiss stated that there had been a discontinuance of the action as to this defendant and that defendant pleads the failure of plaintiff to comply with the provisions of Rule 4, Rules of Civil Procedure; the order of the trial court granting defendant's motion to dismiss specifically concluded that "there has been a discontinuance of this action" and that the action against this defendant is barred by the three-year statute of limitations; and in concluding that there has been a "discontinuance" of the action, the trial court was obviously referring to Rule 4(d), which requires endorsement of the original, unserved summons and alias and pluries summonses, and Rule 4(e), which states the consequence for failure to follow Rule 4(d), since "discontinuance" is a term of art whose only application in the context of service of process is to an action that must cease for failure of the party to comply with Rule 4(d).

     **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 45.**

2. **Actions and Proceedings § 18 (NCI4th); Process § 3.2 (NCI3d) — summons unserved — absence of endorsement or alias and pluries summonses — action discontinued**

     Plaintiff's action was discontinued ninety days after the date the original summons was issued where the original summons was returned unserved and plaintiff did not secure an endorsement upon the original summons for an extension of time to complete service of process and did not obtain alias or pluries summonses, but instead attempted service of process by publication. Therefore, plaintiff's action was barred by the three-year statute of limitations where the complaint was filed and the original summons was issued exactly three years after the accident in question.

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 45; Process §§ 82, 119.

**3. Rules of Civil Procedure § 4.1 (NCI3d) — service of process by publication — mailing copies to defendant's last known address**

When service of process is attempted by publication, the better practice is that a plaintiff mail copies of the summons and notice by publication to the defendant's last known address or to any other address where the defendant might reasonably be found or from which the notice might reasonably be forwarded to the defendant.

**Am Jur 2d, Process § 262.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 95 N.C. App. 723, 384 S.E.2d 57 (1989), reversing order entered by *Mills, J.,* at the 13 June 1988 Session of Superior Court, GUILFORD County. Heard in the Supreme Court 17 May 1990.

*Rumsey & Oakley, by Donald E. Rumsey, Jr., and Joel N. Oakley, for plaintiff-appellant.*

*Henson, Henson, Bayliss & Sue, by A. Robinson Hassell and Perry C. Henson, for defendant-appellee Foxx.*

EXUM, Chief Justice.

Defendant Foxx's motion to dismiss was granted by the trial court for plaintiff's failure properly to obtain service of process. The Court of Appeals reversed. That court did not consider whether the action had been discontinued, concluding that this issue had not been properly raised. We reverse the Court of Appeals' decision.

On or about 16 July 1984 plaintiff was injured when the car in which she was a passenger collided with one owned by defendant Payne and driven by defendant Foxx. On 16 June 1987 plaintiff filed complaint against both defendants. Civil summonses were issued against both defendants the same day. Defendant Payne was personally served on 18 June 1987, but the summons issued to defendant Foxx was returned on 17 June 1987. It included the notation that a Mr. Williamson had lived for over one year at the address to which the summons had been directed and that he did not know defendant Foxx.

## SNEAD v. FOXX

[329 N.C. 669 (1991)]

The summons addressed to defendant Foxx was neither subsequently endorsed nor were alias or pluries summonses issued.

Plaintiff arranged for notice of service to be published for three consecutive weeks in two Greensboro papers, beginning 16 September 1987. The affidavit of service by publication filed by plaintiff's attorney on 12 November 1987 stated, *inter alia*, that a summons and complaint had been issued against defendant Foxx; that personal service had been unsuccessfully attempted at 2610 Phillips Avenue, Greensboro, 27405, the last known address of defendant Foxx and that still listed by the N.C. Department of Motor Vehicles as her address; that the attorney had inquired fruitlessly as to defendant Foxx's whereabouts; and that plaintiff had therefore attempted service by publication in the locality of the accident and that of defendant Foxx's last known address.

Defendant Foxx filed answer on 1 December 1987, averring *inter alia* that the affidavit filed by plaintiff's attorney had not complied with N.C. R. Civ. P. Rule 4 and that there had been a discontinuance of the action as to defendant Foxx. Defendant Foxx further pleaded the three-year statute of limitations as a bar to any recovery by plaintiff in this action.

The trial court's order dismissing plaintiff's action against Foxx was based upon the following reasoning:

> [I]t appearing to the Court from the pleadings in this case and other documents in the court file and arguments of counsel for the parties and the affidavit of the attorney for plaintiff and the legal principles applicable to this case for service of summons by publication, and it appearing to the court from the affidavit of counsel that the last known address of the defendant Angelia Marie Foxx was 2610 Phillips Avenue, Greensboro, North Carolina 27405, and the Court being of the opinion that the plaintiff did not comply with Rule 4(j), Rules of Civil Procedure, or GS § 1-75.10(2) and failed to mail the defendant Angelia Marie Foxx notice of service of process by publication or of mailing to the defendant a copy of the summons and the complaint and the Court being of the opinion that service of process on the defendant by publication was deficient and that there has been a discontinuance of this action and that the action against the Defendant Angel[i]a Marie Foxx is barred by the three-year statute of limitation.

The order concluded:

> [I]t is . . . ORDERED, ADJUDGED AND DECREED that the motion of the defendant Angelia Marie Foxx for the entry of an order that there has been a discontinuance of this action shall be and the same is hereby allowed; and it is further ordered that the action against Angelia Marie Foxx is barred by the three-year statute of limitations and the action against Angelia Marie Foxx shall be and the same is hereby dismissed.

A unanimous panel of the Court of Appeals reversed. That court did not address whether the trial court had erred in holding that plaintiff's action had been discontinued because it concluded this issue had not been raised in the trial court. The appellate court treated the failure of plaintiff's attorney to mail a copy of the notice of service of process by publication to defendant Foxx as the sole basis for the trial court's dismissal of the action against her. The court held that under N.C. R. Civ. P. Rule 4(j1) "there no longer exists an obligation to mail a copy of the 'notice of service of process by publication' to an address where the party sought no longer resides." 95 N.C. App. at 728, 384 S.E.2d at 60.

Rule 4(d) includes the requirement that

> When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:
>
> (1) The plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Return of the summons so endorsed shall be in the same manner as the original process. Such endorsement may be secured within 90 days after the issuance of summons or the date of the last prior endorsement, or
>
> (2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.

N.C.G.S. § 1A-1, Rule 4(d) (1990).

**[1]** We disagree with the Court of Appeals' conclusion that the discontinuance issue was not raised in the trial court. The record reflects that defendant Foxx's motion to dismiss stated "there has been a discontinuance of the action as to the defendant Angelia Marie Foxx and the defendant Angelia Marie Foxx pleads the failure of the plaintiff to comply with the provisions of Rule 4, Rules of Civil Procedure." The civil summons filed on 16 June 1987 was not endorsed nor were alias or pluries summonses issued subsequently. The order of the trial court granting defendant Foxx's motion to dismiss specifically concluded "there has been a discontinuance of this action and that the action against defendant Angelia Marie Foxx is barred by the three-year statute of limitation."

In concluding that there had been a "discontinuance of the action," the trial court did not cite pertinent subsections of Rule 4. There is no question, however, that the court was referring to Rule 4(d), which requires endorsement of the original, unserved summons and alias and pluries summonses, and Rule 4(e), which states the consequence of discontinuance for failure to follow Rule 4(d). "Discontinuance" is a term of art whose only application in the context of service of process is to an action that must cease for failure of the party to comply with Rule 4(d). (A new action may be filed, but the date for purposes of the statute of limitations is that of the later filing. *See* Rule 4(e).) The court's subsequent reference to Rule 4(j1) was clearly a second, separate ground for dismissing plaintiff's action against defendant Foxx, whereby the court concluded that service of process had been "deficient."

Patently, the issue of discontinuance for failure to comply with the provisions of Rule 4(d) was both presented and decided by the trial court, was properly before the Court of Appeals, and has now been properly put to this Court in defendant Foxx's petition for discretionary review. Rule 4 subsequently provides for discontinuance of the action when this provision has not been complied with:

> (e) . . . When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the

action shall be deemed to have commenced on the date of such issuance or endorsement.

N.C.G.S. § 1A-1, Rule 4(e) (1990).

[2] In *Sink v. Easter*, 284 N.C. 555, 202 S.E.2d 138 (1974), as in this case, the plaintiff, presented with the return of her summons unserved, failed to continue her action "by securing an endorsement upon the original summons for an extension of time within which to complete service of process, Rule 4(d)(1), and did not sue out an alias or pluries summons returnable in the same manner as the original process pursuant to Rule 4(d)(2)." *Id.* at 561, 202 S.E.2d at 143. The plaintiff's action was consequently discontinued ninety days after the date the original summons was issued. In *Sink*, service by publication, had it been in accord with the Rules of Civil Procedure, "could not and did not revive the action." *Id.*

Based upon the record before us, which is on all fours with *Sink*, we hold the trial court did not err in ruling that plaintiff's action was barred by the statute of limitations as a consequence of being discontinued, and in accordingly granting defendant Foxx's motion to dismiss.

[3] Having so held, we need not consider and express no opinion on the determination by the Court of Appeals that under Rule 4 a plaintiff under the circumstances here was not required to mail notice of service by publication to the party sought to be served.[1] Like the Court of Appeals, we simply caution the Bar

---

1. Rule 4(j1) provides, in pertinent part:

A party that cannot with due diligence be served by personal delivery or registered or certified mail may be served by publication. [S]ervice of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or, if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending. If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served.

N.C.G.S. § 1A-1, Rule 4(j1) (1990).

that, when service of process is attempted by publication, the better practice is

> that a plaintiff mail copies of the summons and notice by publication to the defendant's last known address or to any other address where the defendant might reasonably be found or from which the notice might reasonably be forwarded to the defendant. "As every practicing attorney and law-enforcement officer knows, there are among certain classes those persons who would feel an obligation to forward or deliver a letter to one being sought, but who would feel an obligation to give a lawyer or a deputy sheriff no information whatever as to the whereabouts of the one sought."

*Snead v. Foxx*, 95 N.C. App. at 727-28, 384 S.E.2d at 60 (quoting *Harrison v. Harvey*, 265 N.C. 243, 255-56, 143 S.E.2d 593, 602 (1965)).

We hold that the judgment of the Court of Appeals is

Reversed.