TINA A. CARLTON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ADAM WAYNE CARLTON, AND ROBERT BRENT CARLTON AND TINA A. CARLTON, INDIVIDUALLY, PLAINTIFFS v. TERESA B. MELVIN, M.D.; LAKE NORMAN OB-GYN, L.L.P.; RAJAL M. PATEL, M.D.; MICHAELA RENICH, M.D.; THOMAS E. GROSS, M.D.; MICHELLE STOWE ONG, M.D., DAVID L. JAROSZEWSKI, M.D., PRIMARY CARE ASSOCIATES, A PARTNERSHIP, KIMBERLY GLASS RAMSDELL, M.D.; GROWING UP PEDIATRICS, PLLC; WILLIAM JOHNSTON EDMISTON, JR., M.D.; LAKE NORMAN ANESTHESIA ASSOCIATES, P.A.; ERNEST GROSS, CRNA; LAKE NORMAN REGIONAL MEDICAL CENTER; HEALTH MANAGEMENT ASSOCIATES, INC.; HEALTH MANAGEMENT ASSOCIATES, INC. OF DELAWARE; MOORESVILLE HOSPITAL MANAGEMENT ASSOCIATES, INC.; AND HOSPITAL MANAGEMENT ASSOCIATES OF MOORESVILLE, INC., DEFENDANTS

No. COA09-930

(Filed 20 July 2010)

**Medical Malpractice— wrongful death—Rule 9(j) certification—Rule 3**

The trial court did not err in dismissing plaintiff's wrongful death claim because the action was not commenced before the expiration of the statute of limitations. Although the statute of limitations had been extended for 120 days under Rule 9(j) of the Rules of Civil Procedure, plaintiff was required to commence the action within the 120 days and was not entitled to further extend the statute of limitations for an additional 20 days under Rule 3.

Appeal by Plaintiff Tina A. Carlton, as Personal Representative of the Estate of Adam Wayne Carlton, from Order entered 10 July 2006 by Judge David S. Cayer in Superior Court, Catawba County. Heard in the Court of Appeals 2 December 2009.

*Grant Richman, PLLC, by Robert M. Grant, Jr., for Plaintiff-Appellant.*

*Carruthers & Bailey, P.A., by J. Dennis Bailey, for Defendants-Appellees.*

STEPHENS, Judge.

*I. Procedural Background*

This case concerns the death of Adam W. Carlton on 6 June 2003. Adam was the second of twins born to Tina A. Carlton on 2 June 2003. Pursuant to N.C. Gen. Stat. § 1-53(4), the statute of limitations for a

wrongful death action expires two years after the date of death.[1] Thus, the statute of limitations in this matter would have expired on 6 June 2005. On 1 June 2005, Plaintiffs filed a motion pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure to extend the statute of limitations to allow compliance with the special pleading requirements of Rule 9(j). Rule 9(j), which governs pleading procedures in medical malpractice actions, requires that a plaintiff certify in the complaint that the care rendered by the defendants has been reviewed by experts who are qualified under Rule 702 or Rule 702(e) of the North Carolina Rules of Evidence, and that such experts are willing to testify that the care rendered was not in accordance with the standard of care applicable to the defendants. N.C. Gen. Stat. § 1A-1, Rule 9(j) (2009). On 2 June 2005, the trial court entered an order granting Plaintiffs' motion, thereby extending the statute of limitations by 120 days. Thus, to satisfy the statute of limitations, Plaintiffs had to file a complaint on or before 4 October 2005.

On 4 October 2005, Plaintiffs did not file a complaint, but instead issued a summons and filed an application for extension of time to file a complaint pursuant to Rule 3 of the North Carolina Rules of Civil Procedure. This application was granted by an Assistant Clerk of Superior Court, purporting to allow Plaintiffs to file a complaint within 20 days, by 24 October 2005. On 24 October 2005, Plaintiffs filed a complaint asserting a wrongful death claim and claims for negligent infliction of emotional distress against Appellees and other Defendants not parties to this appeal.

On 3 January 2006, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) and (c) due to Plaintiffs' failure to file the complaint within the 120-day extension of the statute of limitations granted pursuant to Rule 9(j). On 10 July 2006, the trial court entered an order granting Defendants' motion to dismiss with respect to the wrongful death claim, and denying Defendants' motion as to the claims for negligent infliction of emotional distress.[2] Plaintiff

---

1. N.C. Gen. Stat. § 1-53(4) provides that the prescribed period of limitations is within two years for "[a]ctions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2; the cause of action shall not accrue until the date of death." N.C. Gen. Stat. § 1-53(4) (2009).

2. Thereafter, Plaintiffs voluntarily dismissed their remaining claims against Defendants, thereby rendering the trial court's order of dismissal final and subject to immediate appellate review. *See Combs & Assocs. v. Kennedy*, 147 N.C. App. 362, 367, 555 S.E.2d 634, 638 (2001) (Plaintiff's voluntary dismissal of remaining claim rendered trial court's order of summary judgment final and immediately appealable.).

Tina A. Carlton, in her representative capacity, appeals from the trial court's order.

## II. *Standard of Review*

"[A] plaintiff's compliance with Rule 9(j) requirements clearly presents a question of law to be decided by a court, not a jury. A question of law is reviewable by this Court *de novo.*" *Phillips v. Triangle Women's Health Clinic, Inc.*, 155 N.C. App. 372, 376, 573 S.E.2d 600, 603 (2002) (citations omitted), *aff'd per curiam and disc. review improvidently allowed*, 357 N.C. 576, 597 S.E.2d 669 (2003).

## III. *Discussion*

Plaintiff contends that the statute of limitations was extended for 120 days by Rule 9(j) and extended for an additional 20 days by Rule 3. Therefore, Plaintiff argues that the trial court erred in dismissing the wrongful death claim because the action was commenced before the extended statute of limitations expired. We disagree.

Pursuant to N.C. Gen. Stat. § 1-53(4), the prescribed period for the commencement of actions for damages on account of the death of a person caused by the wrongful act of another is within two years of the date of death. N.C. Gen. Stat. § 1-53(4) (2009); *see also* N.C. Gen. Stat. § 1-46 ("The periods prescribed for the commencement of actions, other than for the recovery of real property, are as set forth in this Article."). Thus, the prescribed period for bringing a wrongful death action in the present matter was within two years of 6 June 2003, or on or before 6 June 2005.

However, Rule 9(j) permits an extension of the applicable statute of limitations. Rule 9(j) provides in pertinent part that

[u]pon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court for a judicial district in which venue for the cause of action is appropriate under G.S. 1-82 or, if no resident judge for that judicial district is physically present in that judicial district, otherwise available, or able or willing to consider the motion, then any presiding judge of the superior court for that judicial district may allow a motion to extend the statute of limitations for a period not to exceed 120 days *to file a complaint* in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (2009) (emphasis added). Similarly, Rule 3 allows for a 20-day extension of the statute of limitations where an action is commenced by the issuance of a summons when

(1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

(2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

N.C. Gen. Stat. § 1A-1, Rule 3 (2009).

In the present case, Plaintiff attempted to extend the statute of limitations by a total of 140 days, using both Rule 9(j) and Rule 3. Plaintiff contends that Rule 9(j) and Rule 3 should be construed, *in para materia* "as together constituting one law." *Williams v. Williams*, 299 N.C. 174, 180-81, 261 S.E.2d 849, 854 (1980).

> The cardinal principle in the process is to ensure accomplishment of legislative intent. To achieve this end, the court should consider the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish. In ascertaining the intent of the legislature, the presumption is that it acted with full knowledge of prior and existing laws.

*Williams v. Alexander Cty. Bd. of Educ.*, 128 N.C. App. 599, 603, 495 S.E.2d 406, 408 (1998) (internal citations and quotation marks omitted). Plaintiff contends that the General Assembly enacted Rule 9(j) in 1995 with full knowledge of the existing language of Rule 3, including the alternative method provided by Rule 3 for commencing a civil action, and that the legislature's failure to explicitly restrict the application of Rule 3 in the language of Rule 9(j) means that both statutes should be given full effect and construed harmoniously.

Plaintiff cites *Sink v. Easter*, 284 N.C. 555, 202 S.E.2d 138 (1974), in support of her argument that the statute of limitations for filing a wrongful death action is tolled when the action is "commenced" by either the issuance of a summons or the filing of a complaint. In *Sink*, our Supreme Court found that an action was properly commenced within the statute of limitations as of the date on which the plaintiff had a summons issued, "made application to the court stating the nature and purpose of his action, and obtained the requisite court order granting permission to file the complaint within twenty days." *Id.* at 558, 202 S.E.2d at 140-41. Plaintiff also points out that in

*Estrada v. Burnham*, 316 N.C. 318, 341 S.E.2d 538 (1986), *superseded by statute as stated in Turner v. Duke Univ.*, 325 N.C. 152, 381 S.E.2d 706 (1989), our Supreme Court "specifically endorsed" the use of Rule 3 for additional time to file a complaint, holding that "[i]f plaintiff needed more time to investigate his potential claims against the defendant before filing a well-pled complaint, Rule 3 provides for the commencement of an action by the issuance of a summons and application to the court for permission to file a complaint within twenty days." *Id.* at 326, 341 S.E.2d at 544; *see Wooten v. Warren by Gilmer*, 117 N.C. App. 350, 352-53, 451 S.E.2d 342, 344 (1994) (This Court held that the plaintiff commenced the action within the statute of limitations by filing an application and order stating the nature and purpose of the action and requesting that the time for filing the complaint be extended by 20 days.).

*Sink, Estrada,* and *Wooten* are readily distinguishable from the present case, however. *Sink* and *Wooten* both involved automobile accidents and did not concern medical malpractice actions which are subject to Rule 9(j). *Estrada* involved a medical malpractice claim, but was decided before Rule 9(j) was enacted in 1995, and thus did not address the extension of the statute of limitations under that rule.

The plain language of Rule 9(j) requires a plaintiff to "file a complaint" within a period not to exceed 120 days beyond the applicable statute of limitations. It is well established that "[w]hen the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988). Appellees contend that the phrase, "file a complaint[,]" in Rule 9(j) is clear and unambiguous, such that it does not permit a plaintiff to file an application pursuant to Rule 3 after an extension of the statute of limitations has already been obtained under Rule 9(j). We find Appellees' argument persuasive.

In *Thigpen v. Ngo*, 355 N.C. 198, 558 S.E.2d 162 (2002), the plaintiff sought to assert a medical malpractice claim arising from an event in June 1996. *Id.* at 199, 558 S.E.2d at 163. "On 8 June 1999, before the three-year statute of limitations was to expire, plaintiff filed a motion to extend the statute of limitations 120 days to file a medical malpractice complaint against defendants." *Id.* Pursuant to Rule 9(j), the trial court granted plaintiff's motion, extending the statute of limitations through 6 October 1999. *Id.* at 199, 558 S.E.2d at 164. On 6 October 1999, the plaintiff filed a medical malpractice complaint. *Id.*

at 200, 558 S.E.2d at 164. The complaint, however, did not contain the certification required by Rule 9(j). *Id.* "On 12 October 1999, six days after the statute of limitations expired, plaintiff filed an amended complaint including a certification that the 'medical care has been reviewed' by someone who would qualify as an expert." *Id.* The defendants filed motions to dismiss because the plaintiff's amended complaint was not filed prior to the court-extended statute of limitations. *Id.* The trial court granted the defendants' motions and dismissed the plaintiff's complaint with prejudice. *Id.*

On appeal, this Court reversed the trial court's order and reinstated the plaintiff's cause of action, holding that "plaintiff was entitled to amend her initial complaint to include the necessary Rule 9(j) certification." *Thigpen v. Ngo*, 143 N.C. App. 209, 219-20, 545 S.E.2d 477, 483 (2001). The Supreme Court reversed this Court's decision, however, holding that dismissal of the plaintiff's complaint was mandatory under Rule 9(j). *Thigpen*, 355 N.C. at 201, 558 S.E.2d at 164. In particular, the Court held that

> [t]he legislature specifically drafted Rule 9(j) to govern the *initiation* of medical malpractice actions and to require physician review as a condition for filing the action. The legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s requirement of expert certification prior to the filing of a complaint.

*Id.* at 203-04, 558 S.E.2d at 166 (emphasis added). Furthermore, our Supreme Court has noted that

> [w]here there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute . . . unless it appears that the legislature intended to make the general act controlling[.]

*Nat'l Food Stores v. N.C. Bd. of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966). It is clear that the legislature intended Rule 9(j) to provide a comprehensive framework for the "initiation" of medical malpractice actions and that the use of the

clause "to file a complaint in a medical malpractice action" was purposeful. *Accord* 1 G. Gray Wilson, North Carolina Civil Procedure, § 9-11, at 9-18 (3d Ed. 2007) ("The specific requirement of a complaint forecloses the delayed service of complaint provision of Rule 3."). Accordingly, we hold that Rule 9(j) prevails over Rule 3 in this instance.

Thus, in order to comply with the statute of limitations, Plaintiffs were required to file a complaint on or before 4 October 2005, and could not toll or further extend the statute of limitations under Rule 3. On 4 October 2005, Plaintiffs did not file a complaint. Plaintiffs filed an application to file a complaint. Accordingly, Plaintiffs failed to file a complaint within the prescribed period. The order of the trial court is

AFFIRMED.

Judges McGEE and STEELMAN concur.