IN THE MATTER OF: JANICE CAROL PHILLIPS AND PATRICIA ANNE PHILLIPS; MARY POTTS, DIRECTOR, CHILD WELFARE DIVISION OF THE MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER v. DONALD RAYMOND PHILLIPS, RESPONDENT

No. 7326DC190

(Filed 25 April 1973)

1. **Parent and Child § 1— termination of parental rights — service by publication**

    Provision of G.S. 7A-283 permitting service by publication when "the court finds it impractical to obtain personal service" in proceedings to adjudicate whether a child is delinquent, dependent, neglected or undisciplined is not applicable in proceedings to terminate parental rights under G.S. 7A-288.

2. **Parent and Child § 1— termination of parental rights — notice of hearing**

    Before a hearing may be conducted to terminate parental rights under G.S. 7A-288, the parent must be notified by personal service of the summons and petition or by procedures established in G.S. 1A-1, Rule 4.

**3. Process § 10; Rules of Civil Procedure § 4— purported service by publication — invalidity**

Purported service by publication on respondent in a proceeding to terminate parental rights was invalid where petitioner filed no affidavit showing the publication and mailing in accordance with G.S. 1-75.10(2) and the circumstances warranting the use of service by publication, and the trial court found merely that it appeared to be "impractical" to obtain personal service and that the sheriff was unable to find respondent at his last known address in the county, there being no determination that respondent could not after due diligence be served or that his whereabouts or usual abode and his post office address could not be determined with due diligence. G.S. 1A-1, Rule 4(j)(9).

APPEAL by respondent from an order entered by *Griffin, District Judge,* 17 October 1972, District Court, Juvenile Division, MECKLENBURG County.

On 8 May 1972 petitioner filed a petition seeking an order terminating the parental rights of respondent as to his two minor children, and the parental rights of the children's mother, Ruby Baker Phillips. Petitioner alleged, in substance, as follows. The children of respondent were placed in petitioner's custody on 14 August 1967 after having been adjudged neglected or dependent children. The mother has not been heard from since that date. Respondent has made irregular and infrequent contact with petitioner and has not visited the children since May of 1971. Respondent has wilfully refused to provide any financial support for the children for more than four and one half years. Respondent " . . . has refused to tell this agency where he is living or where he is working, and while this agency is informed that in February he resided at 2001 East Fifth Street, Charlotte, North Carolina, he no longer resides there and this agency has not been able to locate him; and that your Petitioner has no knowledge as to where the said Ruby Baker Phillips now resides; and that your Petitioner believes it is impractical to secure personal service upon either of said parents." The proceeding is instituted to terminate the parental rights so that the children may be placed for adoption. Petitioner prayed that summons be issued requiring the parents to appear and that the court authorize service of summons and notice of the hearing by publication in the manner prescribed in Rule 4(j)(9)c of the Rules of Civil Procedure.

On the same day, District Judge Belk entered an order directing that a special hearing on the petition be held on 20 June 1972. The order contained a recital to the effect that it

In re Phillips

appeared " . . . to the Court from the records of the Petitioner and the verified Petition that it is impractical to obtain personal service upon the said parents." The court directed that summons be issued and that service of summons and petition be made by publication in the manner prescribed by Rule 4(j)(9)c of the Rules of Civil Procedure.

Summons was issued on 8 May 1972. On 18 May 1972, the Sheriff of Mecklenburg County made his return of service as follows: "Donald R. Phillips or Ruby Phillips is not to be found in Mecklenburg County." Notice of service of process by publication was published on the 8th, 15th and 22nd of May 1972 requiring respondent to make defense not later than 19 June 1972. On 20 June 1972 an order was entered terminating the parental rights of respondent and the mother of the children. The court found as facts "the matters and things set forth in the verified petition filed by the Petitioner. . . . "

On 2 October 1972, respondent filed a verified motion seeking to have the order of 20 June 1972 set aside, contending, among other things, that he was not properly served with process. He alleged that at all pertinent times petitioner was aware of respondent's residence and could have caused him to have been personally served with process; that he had often informed petitioner that he could always be contacted at the home of his stepmother at 1700 Fountainview Avenue, Charlotte, North Carolina, and that with diligent effort he could have been located and given notice of the proceeding.

On 17 October 1972, an order was entered denying respondent's motion. In the order the court made findings of fact, as follows:

"1. That on May 8, 1972, upon the petition of the Mecklenburg County Department of Social Services, her Honor Claudia W. Belk issued an order fixing a special hearing to consider the termination of parental rights of Donald Raymond Phillips and Ruby Baker Phillips for June 20, 1972; and Judge Belk, in said order, recited that upon examination of the records of the Department of Social Services and the verified petition that it was impractical to obtain personal service upon either Donald Raymond Phillips or Ruby Baker Phillips; and Judge Belk ordered that service of summons of the petition be made upon said respondents by publication.

2. That summons was issued on May 8, 1972, directing the Sheriff of Mecklenburg County to serve Donald Raymond Phillips and Ruby Baker Phillips and directing said parents to answer the petition and giving them notice of the hearing; and that said summons and notice of hearing was returned by the Sheriff of Mecklenburg County on May 18, 1972, with the notation 'Donald R. Phillips or Ruby Baker Phillips is not to be found in Mecklenburg County.'

3. That pursuant to order of Judge Belk, notice of service of process by publication was duly published in the Mecklenburg Times on May 8, 15 and 22, 1972, which notice also required the respondents to make defense to the petition no later than June 19, 1972, and further directed them to attend the special hearing on June 20, 1972.

4. That the special hearing was held by this Court on June 20, 1972, at which time this Court examined the records of the Department of Social Services and found as facts, among other things, that Donald Raymond Phillips, had refused to tell the Department of Social Services where he was living or where he was working; and that the last known address for Mr. Phillips was at 2001 East Fifth Street, Charlotte, North Carolina; and the Court ruled that the Sheriff was unable to find Mr. Phillips at said address or in Mecklenburg County."

The court concluded as a matter of law that respondent was properly before the court by virtue of service by publication in the manner prescribed by the Rules of Civil Procedure and that his parental rights with respect to the children had been duly terminated. Respondent appealed.

*Ruff, Perry, Bond, Cobb, Wade & McNair by William H. McNair for petitioner appellee.*

*Shelley Blum for respondent appellant.*

VAUGHN, Judge.

[1]   It is apparent to us that the petitioner proceeded and the district court acted on the assumption that, in proceedings to terminate parental rights, service by publication may be authorized when "the court finds it is impractical to obtain personal service. . . . " The quoted language is found in G.S.

7A-283. Petitioner argues that that section expressly provides the procedure for service of process in proceedings to terminate parental rights under G.S. 7A-288. We do not agree. The method of determining the manner of service permitted by G.S. 7A-283 in proceedings to adjudicate whether a child is delinquent, dependent, neglected or undisciplined is not applicable in proceedings to terminate parental rights under G.S. 7A-288.

[2]  In cases where the court has adjudicated a child to be neglected or dependent, the court has authority to enter an order terminating parental rights with respect to such child, upon a finding of the existence of any of the several factual circumstances set out in G.S. 7A-288. Before conducting a hearing to consider any case involving termination of parental rights under G.S. 7A-288, the parent *shall* be notified by *personal service* of the summons and petition or "under the procedures established by Rule 4 of the Rules of Civil Procedure of chapter 1A of the North Carolina General Statutes." G.S. 7A-288. Since there was no personal service in the case before us, the court's authority to proceed with the hearing depended upon whether service on respondent was under the procedures established by Rule 4.

Respondent's motion questioned the validity of the purported service of process. It was then incumbent upon the court to hear the evidence, find the facts and determine the validity of the service. To sustain service by publication plaintiff must show that the case is one in which service by publication is authorized and that it was made in accordance with the statutory requirements. *Harrison v. Hanvey,* 265 N.C. 243, 143 S.E. 2d 593.

[3]  In cases where service by publication is otherwise authorized the same may be had on a natural person who: *cannot after due diligence* be personally served in the manner prescribed by Rule 4(j) (1) ; is not inhabitant of or found within the state; is concealing his personal whereabouts to avoid service of process; is a transient person, or his residence is unknown. Rule 4(j) (9). Such person's address, whereabouts, dwelling house or usual place of abode must be unknown and *cannot with due diligence* be ascertained, or there must be "a diligent but unsuccessful attempt to serve the party under either paragraph a or under paragraph b or under paragraphs a and b of this subsection (9)." If the post office address of the party to be served can with *reasonable diligence* be ascertained, a copy of the notice must

be mailed to the party. "Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(2) and the circumstances warranting the use of service by publication." Rule 4(j) (9)c. No such affidavit appears in the record before us. The record contains merely an affidavit that notice was duly published in a qualified newspaper on the dates indicated.

Neither District Judge Belk's order of 8 May 1972 reciting that it appeared to be "impractical" to obtain personal service nor the findings of fact by District Judge Griffin support the conclusion that respondent was properly before the court "by virtue of the service of process . . . in the manner prescribed by the Rules of Civil Procedure . . . ." It is manifest that petitioner failed to comply with Rule 4 as it relates to service by publication. Since service of process was not properly made, the order terminating the parental rights of respondent should have been set aside. *Edwards v. Edwards,* 13 N.C. App. 166, 185 S.E. 2d 20.

The order from which respondent appealed is reversed and the order entered in this cause on 20 June 1972 is vacated.

Reversed.

Judges BROCK and MORRIS concur.