GEORGE THOMAS v. SALLY THOMAS

No. 7913DC89

(Filed 20 November 1979)

1. **Appearance § 2; Rules of Civil Procedure § 4— validity of service of process challenged—general appearance**

    Where plaintiff husband died prior to a hearing on defendant's motion to set aside a decree of absolute divorce, there was no merit to plaintiff executor's contention that he had not been served with process and was therefore not properly before the court, since the executor made a general appearance and moved for dismissal of defendant's motion, and the trial court therefore properly obtained jurisdiction over the person of the executor in the action.

2. **Rules of Civil Procedure § 19— action to set aside divorce—necessary parties**

    The only necessary parties to an action to set aside an absolute divorce decree after the husband's death were the surviving wife and the personal representative of the deceased husband.

3. **Rules of Civil Procedure § 4.1— service by publication—knowledge of defendant's address—service void**

    In an action to set aside a decree of absolute divorce where defendant alleged that the complaint in the divorce action was served by publication though plaintiff knew or by the exercise of reasonable diligence ·could have determined defendant's address, there was no merit to plaintiff's contention that defendant's motion to set aside the divorce contained insufficient allegations of fraud and thus should have been dismissed or denied by the trial court, since service of process by publication is void even in the absence of legal fraud or concealment if the information required for personal service is within the plaintiff's actual knowledge or with due diligence could be ascertained, and the court made findings supported by evidence as to plaintiff's knowledge of defendant's address; additionally, plaintiff violated the technical requirements of G.S. 1A-1, Rule 4(j)(9)c by failing to mail defendant a copy of the notice of service by publication at her Virginia residence, and this defect in itself was sufficient to render the resulting divorce decree invalid.

APPEAL by plaintiff from *Grady, Judge.* Judgment entered 12 September 1978 in District Court, BLADEN County. Heard in the Court of Appeals 31 August 1979.

George Thomas sued the defendant Sally Thomas for absolute divorce on grounds of one year separation of the parties under G.S. 50-6. George Thomas alleged in his complaint that he was married to defendant in December 1942 and that they had lived separate and apart from one another continually since July

Thomas v. Thomas

1967. The complaint was served upon the defendant by publication pursuant to G.S. 1A-1, Rule 4(j)(9)c. Following the publication, the attorney for George Thomas filed an affidavit in which he stated that the address of the defendant was unknown and could not be ascertained with due diligence, and that the Sheriff of Bladen County had returned a copy of the complaint and summons with the notation, "not to be found in Bladen County after due and diligent inquiry at the last known address of the defendant." The record contains no answer to the complaint and the parties do not dispute that defendant did not appear to defend the divorce action. A decree of absolute divorce was entered on 21 July 1977.

Defendant, on 1 December 1977, filed a motion in the cause, with supporting affidavits, pursuant to G.S. 1A-1, Rule 60(b)(3), (4) and (6), to have the judgment and decree of absolute divorce set aside on the grounds that George Thomas knew or with due diligence could have determined the address of the defendant at the time the action was instituted. Said motion, with the supporting affidavits, was served on James R. Melvin, as attorney of record for George Thomas, along with notice that the defendant would bring the motion before the court for hearing on 14 December 1977 or as soon thereafter as said motion could be heard. In her motion, defendant contended that George Thomas' resort to service of process by publication was insufficient and fraudulent, thereby depriving the trial court of jurisdiction to hear the cause. On 16 February 1978, James R. Melvin, as executor of the estate of George Thomas, appeared and moved to dismiss defendant's Rule 60(b) motion. In his motion, the executor stated that the motion of the defendant movant should be dismissed by reason of the failure of the defendant movant to comply with G.S. 1A-1, Rule 25, "for lack of having filed a proper [m]otion to order the substitution of James R. Melvin, Executor as the proper party against whom the [m]otion should now be prosecuted, the said George Thomas having died in October, 1977."

At the same session, defendant moved to amend her Rule 60(b) motion to include a deed conveying real property to George Thomas and defendant by the entirety and a document purporting to be George Thomas' will. Defendant also moved to join the children of George Thomas as parties plaintiff, pursuant to G.S. 1A-1, Rule 19(a), and to substitute the executor of the estate of

George Thomas for the deceased pursuant to Rule 25. By order of 15 March 1978, the trial court allowed all of defendant's motions.

At the 30 August 1978 hearing on defendant's Rule 60(b) motion, defendant presented witnesses who testified that they were neighbors and friends of George Thomas and that they had known him and the defendant Sally Thomas for a number of years. They stated that they knew the whereabouts and address of Sally Thomas and shortly before George Thomas instituted the divorce action had informed him that Sally Thomas was in the hospital. Defendant's witnesses testified that they offered to take plaintiff to see her, but that he declined the offer, and that at the time the divorce action was instituted George Thomas knew the whereabouts and address of Sally Thomas. The executor presented a neighbor and friend of George Thomas who testified that he had assisted Thomas in the procuring of his divorce and at that time, George Thomas did not know the whereabouts of Sally Thomas. The executor also offered the deposition of R. Rick Reiss, an attorney practicing in Newport News, Virginia. In his deposition Mr. Reiss testified that he was visited in his office by Eliza Williams, Sally Thomas' daughter on 13 June 1977, and that Eliza Williams informed him of the divorce action pending in Bladen County.

Upon defendant's objection, the trial court excluded testimony of Mr. Reiss to the effect that he was retained at that time to protect the interest of Sally Thomas and the family, that he was not given any instructions as to the pending divorce action, and that he wrote a letter to James R. Melvin, attorney for George Thomas. The letter stated that Reiss was retained by Sally Thomas' family, but was not in a position to object to the divorce proceedings and did not intend to participate in them. He was allowed to testify that at the time he was visited by Eliza Williams, he understood that Sally Thomas was residing with Eliza and that Eliza showed him a copy of the notice of the divorce action published in *The Bladen Journal*.

The additional parties plaintiff joined pursuant to the trial court's order of 15 March 1978 were never served with process. Following the hearing on 30 August 1978, the trial court entered an order on 12 September 1978 setting aside the divorce decree. In the order the trial court found that George Thomas had con-

cealed the address of the defendant Sally Thomas from his attorney and that he had knowingly concealed her address from the court for the purpose of obtaining service of process by publication, thereby preventing personal service on the defendant and depriving her of her right to be personally served, which constituted legal or constructive fraud upon the court. In that same order the trial court found that the additional parties whom he had previously joined as necessary parties plaintiff to the action were not necessary parties for a complete determination of the action, found that the previous order joining them as additional parties was improvidently entered, and the court set aside and rescinded that portion of the previous order.

From the order setting aside the divorce decree the plaintiff executor has appealed.

*Moore & Melvin, by James R. Melvin, for plaintiff appellant.*

*Hester, Hester & Johnson, by W. Leslie Johnson, Jr. and Thomas M. Johnson, for defendant appellee.*

WELLS, Judge.

Plaintiff has brought forth numerous assignments of error, but when carefully distilled they reduce to two basic aspects of the trial court's order. The first is the question of whether the parties plaintiff were properly joined and constituted under G.S. 1A-1, Rule 25. The second is whether the divorce decree should have been set aside for insufficient or fraudulent service of process.

[1] The question of parties breaks down into two parts: (1) whether the executor of George Thomas was properly substituted; and (2) whether the heirs of George Thomas are necessary parties. G.S. 1A-1, Rule 25, as amended by the 1977 North Carolina General Assembly, for persons dying after 1 September 1977, provides that:

> (a) *Death.*—No action abates by reason of the death of a party if the cause of action survives. In such case, the court, on motion at any time within the time specified for the presentation of claims in G.S. 28A-19-3, may order the substitution of said party's personal representative or collector and allow the action to be continued by or against the substituted party.

Plaintiff does not raise the question of whether the substitution of the executor was ordered within the time allowed under G.S. 28A-19-3; nor whether the cause of action abated upon the death of George Thomas. He argues that when defendant's motion in the cause came on for hearing on 16 February 1978 the executor had not been served with process and was therefore not properly before the court, that defendant's amendment could not correct the deficiency of service upon the executor as the proper party, and that his motion to dismiss should have been allowed.

We cannot agree. Defendant served her original motion to set the divorce aside on Melvin as attorney for George Thomas. After service of that motion had been made upon him, Melvin, as executor, made a general appearance at the 16 February 1978 session of District Court and moved for dismissal of defendant's motion. As grounds for his motion to dismiss, Melvin argued that the defendant had not taken the proper steps to substitute him, as executor of the estate of George Thomas, as the party plaintiff. His motion to dismiss was based solely on grounds of improper substitution under Rule 25 and he did not raise a jurisdictional issue such as lack of service of process. G.S. 1-75.7 provides that, "A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action . . . ." A party invokes the judgment of the court for any purpose other than to contest service of process makes a general appearance. *Simms v. Stores, Inc.,* 285 N.C. 145, 203 S.E. 2d 769 (1974). *See also, Swenson v. Thibaut,* 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *disc. rev. denied and appeal dismissed,* 296 N.C. 740, 254 S.E. 2d 181 (1979) (motion to disqualify plaintiff's counsel); *Alexiou v. O.R.I.P., Ltd.,* 36 N.C. App. 246, 243 S.E. 2d 412 (1978), *disc. rev. denied,* 295 N.C. 465, 246 S.E. 2d 215 (1978) (giving of notice of appeal and demanding trial by jury). We hold that Melvin's appearance, as executor, was a general appearance and accordingly the trial court properly obtained jurisdiction over the person of Melvin, as executor, in this action.

[2]   We now reach the question of whether the heirs of George Thomas were necessary parties to this action.

Plaintiff maintains the trial court erred in setting aside that portion of the court's order of 15 March 1978 joining the children

of George Thomas as necessary parties to the action under G.S. 1A-1, Rule 60(b)(6). Rule 60(b)(6) gives the trial court broad power to vacate judgments whenever such action is appropriate to bring about justice. *Brady v. Town of Chapel Hill,* 277 N.C. 720, 178 S.E. 2d 446 (1971); *Sides v. Reid,* 35 N.C. App. 235, 241 S.E. 2d 110 (1978). Plaintiff does not argue that the trial court could not, pursuant to defendant's motion under Rule 60(b)(6), correct an error of law urged upon it by defendant. Plaintiff's sole contention is that the children of George Thomas, as heirs under his will, are necessary parties to the action and must be joined and served with process. We do not agree. G.S. 1A-1, Rule 19, sets forth the rules pertaining to the necessary joinder of parties. It provides in pertinent part:

> (a) *Necessary joinder.* — Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants . . . .

> (b) *Joinder of parties not united in interest.* — The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action.

There have been numerous cases dealing with the question of joinder or nonjoinder of necessary parties, interpreting the former statute, G.S. 1-73, and Rule 19. The enactment of Rule 19 has not changed the essence of the law, as found by our courts in cases decided under the former statute. *Swenson v. Thibaut,* 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *disc. rev. denied and appeal dismissed,* 296 N.C. 740, 254 S.E. 2d 181 (1979). It seems clear that the heart of the Rule lies in the proposition that all parties should be joined whose presence is necessary to a complete determination of the controversy.

> When a complete determination of the controversy cannot be made without the presence of a party, the court must cause it to be brought in . . . . [Citations omitted.]

\*   \*   \*

When a person is so vitally interested in the controvery that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence, such person is a necessary party to the action. [Citations omitted.]

*Strickland v. Hughes,* 273 N.C. 481, 485, 160 S.E. 2d 313, 316 (1968).

A sound criterion for deciding whether particular persons must be joined in litigation between others appears in this definition: Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined. [Citation omitted.]

*Assurance Society v. Basnight,* 234 N.C. 347, 352, 67 S.E. 2d 390, 395 (1951). *See also, Wall v. Sneed,* 13 N.C. App. 719, 187 S.E. 2d 454 (1972).

The only persons who may bring an action for absolute divorce are those persons who are lawfully married to one another. Where there are children born to a marriage it is neither proper nor necessary for them to be made parties to an action for divorce between their parents. There are but two necessary parties to an action for divorce: husband and wife. G.S. 50-5 and G.S. 50-6. The rights litigated in an action for divorce are those which arise out of a marriage. "After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine . . . ." G.S. 50-11(a).

We have not found a previous decision of our courts dealing with a factual situation on all fours with the case now before us, but the North Carolina cases which we have examined concerning the maintenance of an action to set aside a divorce decree after a spouse's death appear to have been defended by the decedent's executor or administrator. This is true even where the rights of a decedent's heirs to real property held by the decedent and an estranged spouse by the entirety during the marriage would be affected were the divorce decree to be overturned. *See, Weddle v. Weddle,* 246 N.C. 336, 98 S.E. 2d 302 (1957); *Patrick v. Patrick,* 245 N.C. 195, 95 S.E. 2d 585 (1956); *Poole v. Poole,* 210 N.C. 536, 187 S.E. 777 (1936); *Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315 (1925).

Thomas v. Thomas

Guided by the statutes and cases we have cited, we hold that the only necessary parties to this action are the surviving spouse and the personal representative of the deceased spouse.

[3] We deal now with plaintiff's argument that defendant's motion to set aside the divorce contained insufficient allegations of fraud and was supported with insufficient evidence of the essential elements of fraud and should thus have been dismissed or denied by the trial court.

A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void. *Sink v. Easter,* 284 N.C. 555, 202 S.E. 2d 138 (1974), *rehearing denied,* 285 N.C. 597 (1974); *In re Phillips,* 18 N.C. App. 65, 196 S.E. 2d 59 (1973); *Edwards v. Edwards,* 13 N.C. App. 166, 185 S.E. 2d 20 (1971). "A divorce granted without proper service of process upon the defendant is void when he does not appear in the action or does not otherwise waive service of process." 1 Lee, N.C. Family Law § 52, p. 215 (1963). Service of process by publication is in derrogation of the common law and accordingly, statutes authorizing it are strictly construed both as grants of authority and in determining whether service has been made in conformity with the statute. *Sink v Easter, supra; Cedar Works v. Mfg. Co. and Edwards v. Chesson,* 41 N.C. App. 233, 254 S.E. 2d 673 (1979).

G.S. 1A-1, Rule 4(j)(9), which provides for alternative service on a party that cannot otherwise be served, states in pertinent part:

> c. Service by publication.—A party subject to service of process under this subsection (9) may be served by publication whenever the party's address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained, or there has been a diligent but unsuccessful attempt to serve the party under either paragraph a or under paragraph b . . . of this subsection (9). * * * If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot

be ascertained with reasonable diligence. Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10 (2) and the circumstances warranting the use of service by publication.

In *Sink,* a negligence action, the plaintiff attempted personal service on the defendant at his last known residence. The summons was returned unserved with a notation that the defendant was in Amsterdam and his address was unknown. Plaintiff's attorney called the defendant's residence in High Point and was advised by a party at the defendant's residence that the defendant was in Amsterdam. Plaintiff then served the defendant by publication, but failed to send a copy of the notice of service of process by publication to the defendant at his High Point address. The Supreme Court held that the attempted service of process by publication was defective on two separate grounds. First, the Court held that the service was insufficient because the plaintiff could have served the defendant personally, by leaving a copy of the summons with the individual with whom plaintiff's attorney spoke at the defendant's High Point residence. Justice Huskins, writing for a unanimous Court, concluded, 284 N.C. at 558-559, 202 S.E. 2d at 141:

On these facts, defendant was not subject to service of process by publication under Rule 4(j)(9)c. Therefore, the attempted service of process by means of publication was void. [Citations omitted.]

Second, the Court held plaintiff's attempted service of process by publication invalid because the plaintiff failed to mail defendant a copy of the notice of service of process by publication, as explicitly required by the statute.

In the case at bar plaintiff claims defendant's motion should have been dismissed because of defendant's failure to plead and prove all the essential elements of fraud. *Sink* makes it clear, however, that service of process by publication is void *even in the absence of legal fraud or concealment* if the information required for personal service is within the plaintiff's actual knowledge or with due diligence could be ascertained. In the present action the trial court made detailed findings of fact as to George Thomas'

knowledge of the defendant's address and such findings on a Rule 60(b) motion, when supported by competent evidence, are conclusive on appeal. *City of Durham v. Keen*, 40 N.C. App. 652, 253 S.E. 2d 585 (1979); *Dishman v. Dishman*, 37 N.C. App. 543, 246 S.E. 2d 819 (1978). In light of our holding we find it unnecessary to reach the issue concerning the sufficiency of defendant's allegations and proof of fraud.

Additionally, as in *Sink*, since the record before us indicates plaintiff failed to mail defendant a copy of the notice of service by publication to the defendant at her Virginia residence, plaintiff violated the technical requirements of Rule 4(j)(9)c and this defect is itself sufficient to render the resulting divorce decree invalid. We have previously voided judgments, even in the absence of any allegation or finding of fraud, where the technical requirements of Rule 4(j)(9)c were not met. *In re Phillips*, 18 N.C. App. 65, 196 S.E. 2d 59 (1973); *Edwards v. Edwards*, 13 N.C. App. 166, 185 S.E. 2d 20 (1971).

Plaintiff has raised two other arguments which require brief discussion.

The trial court excluded a letter of attorney Reiss addressed to plaintiff's counsel and testimony of Reiss' deposition in which Reiss stated he had been retained by defendant's "family", but received no instructions with respect to the divorce, that he was not in a position to defend the divorce action, and did not intend to participate in it. The exclusion of such testimony, if error, was not prejudicial to plaintiff.

Plaintiff argues that it was error for the trial court to allow the will of George Thomas into evidence and "finding that the ownership of real property was relevant to this cause." In his findings of fact, Judge Grady did mention the existence and contents of the will of George Thomas and did find that Sally Thomas had property rights in a certain parcel of land deeded to George and Sally Thomas by the entirety. In his findings as to the invalidity of service by publication, Judge Grady made no references to the will or to the property. In that we have held there was sufficient evidence before him on the issue of invalidity of service of process to justify setting the divorce aside, the references to the will and property are not prejudicial to the plaintiff.

Affirmed.

Judges CLARK and ERWIN concur.