IN RE: DANIEL JAMES CLARK

No. 8421DC1121

(Filed 16 July 1985)

1. **Parent and Child § 1.5— termination of parental rights—purpose of preliminary hearing**

   The sole purpose of the preliminary hearing authorized by G.S. 7A-289.26 in a proceeding to terminate parental rights is to ascertain the name or identity of an unknown parent, not to ascertain his or her whereabouts.

2. **Parent and Child § 1.5; Rules of Civil Procedure § 4.1— termination of parental rights—service by publication—due diligence requirement**

   Where the name or identity of respondent parent in a proceeding to terminate parental rights is known but his or her whereabouts are unknown, the petitioner must proceed under G.S. 7A-289.27 and, with regard to service of process by publication, must comply with the requirements of G.S. 1A-1, Rule 4(j1), including the requirement of due diligence.

3. **Parent and Child § 1.5; Rules of Civil Procedure § 4.1— termination of parental rights—service of process by publication—failure to use due diligence**

   Service of process by publication on respondent father in a proceeding to terminate parental rights was void where petitioner failed to use due diligence in attempting to locate the father in that petitioner relied solely on information supplied by the mother and failed to check public records which would have revealed the father's address.

APPEAL by petitioner from *Gatto, Judge*. Order entered 14 June 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 14 May 1985.

Petitioner appeals from the granting of respondent's motion to have an order terminating his parental rights set aside.

*Meyressa H. Schoonmaker for petitioner-appellant.*

*Dan S. Johnson for respondent-appellee.*

PARKER, Judge.

In October 1982, Stephanie Ann Clark and Christian Paul Lampe began dating. In February 1983, Clark learned she was pregnant and, without revealing this information to Lampe, terminated their relationship. On 25 August 1983, Clark gave birth to Daniel James Clark. That day, Rebecca Lawhon, a child counselor from Family Services, Inc. (hereinafter petitioner), a licensed

child placing agency in Forsyth County, contacted Clark about placing her son for adoption. Clark indicated to Lawhon at that time that Lampe was the father of her child and that he lived with his family in Winston-Salem, although she thought he might have subsequently moved to Florida. On 31 August 1983, Clark surrendered her son to petitioner for adoption pursuant to G.S. 48-9(a)(1).

On 1 December 1983, petitioner filed a petition to terminate Lampe's parental rights. Unable to locate Lampe, petitioner requested a preliminary hearing pursuant to G.S. 7A-289.26. At the hearing, Clark was evasive and indicated she was unsure of the spelling of Lampe's last name. The court concluded that because Lampe's "whereabouts" were unknown, he must be served with notice by publication.

Notice by publication was thereafter completed, and respondent failed to file answer. On 18 January 1984, an Order terminating Lampe's parental rights was entered.

On 2 May 1984, Lampe filed a motion to set aside the termination Order, alleging that on 6 April 1984, he received a letter from petitioner eliciting medical information regarding his son. Lampe alleged that prior to this letter, he had no knowledge that he had a son, or that any legal proceedings were taking place in regard to his son. Lampe alleged that although he was a college student, he had maintained the same permanent home address in Forsyth County for the past six years.

Lampe's motion came on for hearing, and the court concluded that "petitioner did not exercise a diligent effort at the time of the preliminary hearing . . . to locate the father of Daniel James Clark" and "[t]hat the name of the purported father of the minor child was known at the time of the preliminary hearing. . . ." The court granted respondent's motion and set aside the previous termination Order.

The central questions presented on this appeal are (i) whether, prior to using notice by publication, petitioner was required to use due diligence in locating respondent, and (ii) whether in fact petitioner met this requirement. We conclude due diligence is required in all parental rights termination cases before notice by publication can properly be used, and that petitioner failed to

meet this requirement. Accordingly, we affirm the Order which set aside the prior termination Order.

General Statute 7A-289.1, *et seq.*, governs the termination of parental rights. Although this Court has held that these statutes govern the procedure to be used in these cases, this Court has also held that the Rules of Civil Procedure are not to be ignored. *In re Allen*, 58 N.C. App. 322, 293 S.E. 2d 607 (1982).

[1] Petitioner contends that G.S. 7A-289.26 does not contain a due diligence requirement after a preliminary hearing has been held for the purpose of establishing the "identity/whereabouts" of the respondent. We disagree. General Statute 7A-289.26 contains no provision to determine the "whereabouts" of the respondent. Rather, that statute authorizes a preliminary hearing "to ascertain the name or identity of such parent." We reject petitioner's contention that the term "identity" as contemplated by G.S. 7A-289.26 is synonymous with "whereabouts." Nowhere in Black's Law Dictionary, or in Burton's Legal Thesaurus, are these words used interchangeably. In our view, the sole purpose of the preliminary hearing so authorized is to ascertain the name or identity of such parent, not to ascertain his or her whereabouts.

Although the record reveals that Clark was evasive concerning Lampe's whereabouts, it is equally clear that she told everyone involved that the father's name was Christian Paul Lampe. We are not persuaded that the two possible spellings of his last name (*Lamp* or *Lampe*) given by Clark created any genuine doubt about the name or identity of the respondent.

Having determined that G.S. 7A-289.26 contains no provision for serving a known, but unlocatable parent, we must examine G.S. 7A-289.27 and the Rules of Civil Procedure for guidance. General Statute 7A-289.27 provides that "[e]xcept as provided in G.S. 7A-289.26, upon the filing of the petition, the court shall cause a summons to be issued. . . ." This statute further provides that "[s]ervice of the summons shall be completed as provided under the procedures established by G.S. 1A-1, Rule 4(j)." General Statute 1A-1, Rule 4 (j1) states: "A party that cannot with due diligence be served by personal delivery or registered or certified mail may be served by publication." This statute is appropriate only where a civil litigant's whereabouts are unknown, and the due diligence requirement contained therein is clear.

The case of *In re Phillips,* 18 N.C. App. 65, 196 S.E. 2d 59 (1973), although decided under the former termination statute, is factually similar and instructive on this point. In that case, petitioner knew the respondents' names, but not their whereabouts. A preliminary hearing was held, and upon the court's determination "that it was impractical to obtain personal service" upon either parent, service by publication was ordered. The respondent-father subsequently moved to have the termination order set aside based on insufficiency of service of process, which was denied. On appeal, this Court imposed the due diligence requirement of Rule 4(j1) onto that termination statute, even though it contained no such requirement, and held that the termination Order should have been set aside because of petitioner's failure to comply with the publication requirements contained in Rule 4. *Id.* at 70, 196 S.E. 2d at 62.

[2] Although we recognize that former G.S. 7A-288 provided that the parent shall be notified by personal service of the summons and petition or "under the procedures established by Rule 4 of the Rules of Civil Procedure . . . ," G.S. 7A-289.27 also provides for service of the summons "as provided under the procedures established by G.S. 1A-1, Rule 4(j). . . ." We find the reasoning of *Phillips* persuasive since the procedural language contained in the former statute and in current G.S. 7A-289.27 are substantially similar. We conclude, therefore, that where, as here, the "name or identity" of a respondent parent is known, but his or her whereabouts are unknown, that the petitioner in a parental rights termination case must proceed under G.S. 7A-289.27 and must comply with Rule 4(j1) as regards service by publication, and specifically, with the due diligence requirement contained therein.

[3] Next, petitioner asserts that prior to using notice by publication, they exercised due diligence in attempting to ascertain the identity and whereabouts of the respondent father.

As we noted earlier, the trial court concluded as a matter of law that "petitioner did not exercise a diligent effort at the time of the preliminary hearing" in locating Lampe. It is well established that while findings of fact, if supported by competent evidence, are conclusive on appeal, *Matter of Montgomery,* 311 N.C. 101, 316 S.E. 2d 246 (1984), the trial court's conclusions of law arising from these facts are always reviewable *de novo* on ap-

peal. *City v. Engineering Co.*, 68 N.C. App. 676, 316 S.E. 2d 115, *disc. rev. denied*, 312 N.C. 492, 322 S.E. 2d 554 (1984).

In this case, petitioner knew respondent's name and the county in which he resided. The court found as a fact that the Forsyth County telephone directory contained only two listings under the name of "Lampe" during the time of the petition. Petitioner called only one of these numbers and found it to be disconnected. The other listing had belonged to respondent's father since August 1978. The court also found that the petitioner issued a subpoena to Appalachian State University for records relating to Lampe, but that no further check was made in regard to these records until after the termination order was signed.

We find the following findings of fact most persuasive:

12. That since 1982, Christian Paul Lampe has had a North Carolina driver's license with the address of 101 Waddington Road, Clemmons, North Carolina; further that Christian Paul Lampe pays personal property taxes in Forsyth County with his address listed as 101 Waddington Road, Clemmons, North Carolina; further, that he is registered to vote in Forsyth County with his address for the draft recorded as 101 Waddington Road, Clemmons, North Carolina; further, at the time of the birth of the child, the movant had enrolled at Elon College and his parents lived at 101 Waddington Road and continue to reside there at this time.

13. That the petitioner in this matter checked no public records to determine the location and identity of the father of the minor child but instead relied solely on the information supplied by Stephanie Ann Clark.

Petitioner contends that this case is controlled by *Emanuel v. Fellows*, 47 N.C. App. 340, 267 S.E. 2d 368, *disc. rev. denied*, 301 N.C. 87 (1980), in which this Court concluded that "we do not wish to make a restrictive mandatory checklist for what constitutes due diligence . . . . Rather, a case by case analysis is more appropriate." *Id.* at 347, 267 S.E. 2d at 372. We agree with this language, and conclude that under the facts of this particular case, petitioner failed to act with due diligence in attempting to determine respondent's whereabouts. Service by publication is void where the plaintiff did not use due diligence in ascertaining

defendant's address. *Fountain v. Patrick*, 44 N.C. App. 584, 261 S.E. 2d 514 (1980).

In view of our disposition of the first two assignments of error, we need not decide whether petitioner's late filing of the attorney's affidavit was prejudicial to respondent.

The Order appealed from is

Affirmed.

Judges ARNOLD and MARTIN concur.