**COTTON v. JONES**

[160 N.C. App. 701 (2003)]

LERLEAN COTTON, Plaintiff v. JOSEPH JONES, Defendant

No. COA02-1595

(Filed 21 October 2003)

**Process and Service— personal jurisdiction—service by publication—invalid**

Personal jurisdiction was not obtained through service by publication, and a child custody and support order was reversed, where there was no affidavit in the record showing the circumstances warranting the use of service by publication, or showing plaintiff's due diligence in attempting to locate defendant. The trial court's finding that plaintiff had made diligent efforts to locate defendant was not supported and did not cure plaintiff's failure to strictly comply with the statute permitting service by publication. N.C.G.S. § 1A-1, Rule 4(j1).

Appeal by defendant from an order entered 20 August 2002 by Judge Regan A. Miller in Mecklenburg County District Court. Heard in the Court of Appeals 18 September 2003.

*Lerlean Cotton, plaintiff-appellee, pro se.*

*Timothy M. Stokes for defendant-appellant.*

HUNTER, Judge.

Joseph Jones ("defendant") appeals from an order dated 20 August 2002 denying his "Motion for Relief from Judgment or Order" and requiring him to comply with a child support and custody order filed 9 July 2001. We conclude the requirements for service by publication were not met and no personal jurisdiction was obtained over the defendant. Therefore, the order denying relief from judgment is reversed and the underlying child support and custody order is vacated.

On 1 April 2001, Lerlean Cotton ("plaintiff") filed a complaint against defendant seeking custody of her two children and an order for defendant to pay child support. The complaint alleged that defendant had stated he did not want to support or be held responsible for his children. The complaint also alleged that both parties were residents of Mecklenburg County, North Carolina, that the children had resided with plaintiff since their birth, and that Mecklenburg

County District Court had both personal and subject matter jurisdiction over the matter. On 2 April 2001, a civil summons was issued to defendant stating his name but no address. The word "unknown" appeared in the section designated for an address. There is no indication in the record of any attempt to serve defendant by mail at his last known address. Although the judge believed plaintiff had made diligent efforts to locate defendant, plaintiff failed to file with the trial court an affidavit required under N.C. Gen. Stat. § 1A-1, Rule 4(j1), showing the circumstances warranting her use of service by publication and any information regarding the location of defendant. Instead, Notice of Service of Process by Publication was published in the *Mecklenburg County Times* on 13 April, 20 April, and 27 April 2001. On 9 July 2001, following a hearing[1] at which defendant was not present, the trial court entered an order granting custody to plaintiff, requiring defendant to pay child support, and denying defendant visitation. The order stated defendant was not present but that he had been served with notice of publication. A subsequent order amended the child support portion of the 9 July 2001 order to note that the 9 July 2001 order replaced a previous order entered in the State of Georgia.

On 15 May 2002, defendant filed a motion for relief from judgment or order. The motion alleged that the trial court lacked jurisdiction over defendant, as plaintiff had made no attempts to locate defendant prior to service by publication and had failed to file the required affidavit under Rule 4(j1) of the North Carolina Rules of Civil Procedure. On 20 August 2002, the trial court entered an order denying defendant's motion for relief from the judgment or order. In that order, the trial court found plaintiff had been questioned in open court at the 9 July 2001 hearing about her efforts to locate defendant and "satisfied the [trial] [c]ourt that she had made diligent efforts to locate [defendant]. . . ." Based on this finding the trial court concluded it had personal jurisdiction over defendant.

Defendant contends that the trial court erred in failing to grant his motion for relief from judgment or order made under Rule 60 of the North Carolina Rules of Civil Procedure, *see* N.C. Gen. Stat. § 1A-1, Rule 60 (2001), because service by publication was invalid and, as a result, the trial court obtained no personal jurisdiction over him. Thus, the dispositive issue is whether the service of defendant by publication was valid.

---

1. The record on appeal in this case contains no transcript of this hearing, nor any other record of the evidence or testimony presented.

**COTTON v. JONES**

[160 N.C. App. 701 (2003)]

Rule 60(b)(4) of the Rules of Civil Procedure provides that a trial court may grant relief from a judgment or order if "[t]he judgment is void." N.C. Gen. Stat. § 1A-1, Rule 60(b)(4). "A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void." *Fountain v. Patrick*, 44 N.C. App. 584, 586, 261 S.E.2d 514, 516 (1980) (citing *Sink v. Easter*, 284 N.C. 555, 561, 202 S.E.2d 138, 143 (1974)). "Service of process by publication is in derogation of the common law. Therefore, statutes authorizing service of process by publication are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute." *Id.* Rule 4(j1) permits service by publication on a party that cannot, through due diligence, otherwise be served. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j1) (2001). Under this rule: "Upon completion of such service [by publication] there shall be filed with the [trial] court an affidavit showing the publication and mailing . . . , the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served." *Id.* Failure to file an affidavit showing the circumstances warranting the use of service by publication is reversible error. *Edwards v. Edwards*, 13 N.C. App. 166, 169-70, 185 S.E.2d 20, 22 (1971). Furthermore, in *In re Phillips*, 18 N.C. App. 65, 196 S.E.2d 59 (1973), this Court held that where the record contained only an affidavit showing the notice of service by publication was duly published in a qualified newspaper, but that no affidavit was filed showing the circumstances warranting use of service by publication, and the trial court simply made a finding that personal service was " 'impractical,' " the trial court's order must be vacated. *Id.* at 70, 196 S.E.2d at 61-62.

In this case, as in *Phillips*, the record contains an affidavit from the newspaper attesting to the publication of the notice of service by publication. There is, however, no affidavit showing the circumstances warranting a use of service by publication, or showing plaintiff's due diligence in attempting to locate defendant. In the underlying child custody and support order dated 9 July 2001, the trial court found only that defendant was served with notice of publication. There was no finding that plaintiff had exercised due diligence in her attempts to locate defendant. The trial court, in subsequently denying defendant's motion for relief from judgment or order, found plaintiff had satisfied the trial court that she had made diligent efforts to locate defendant. There is nothing, however, in the trial court's original order, or elsewhere in the record, to support this finding and it does not cure plaintiff's failure to strictly comply with

the statute permitting service by publication. Further, there is nothing in the record on appeal to support plaintiff's log from the Mecklenburg County Sheriff's Department which she included in her brief to this Court to prove she exercised due diligence in attempting to locate defendant.

As service by publication on defendant was invalid, the trial court did not have personal jurisdiction over defendant. *See County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 160-61, 323 S.E.2d 458, 463 (1984) (where there was no affidavit showing circumstances warranting use of service by publication or alleging facts showing due diligence, no *in personam* jurisdiction was established over the defendant). Thus, as the trial court had no personal jurisdiction over defendant, the 9 July 2001 child custody and support order is void, and the trial court erred in denying defendant's Rule 60(b) motion for relief from judgment or order. *See id.* Accordingly, we are required to reverse the 20 August 2002 order denying defendant relief from judgment or order, and vacate the underlying 9 July 2002 child custody and support order. *See id.*

Reversed and vacated.

Judges McGEE and CALABRIA concur.