NO. COA13-833

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

ROBERT PETER DOWD, III and
JONATHAN CARTER DOWD
    Plaintiffs,

v.

CHARLES DEXTER JOHNSON
    Defendant.

Moore County
Nos. 10 CVS 983
       10 CVS 984

Appeal by defendant from orders entered 18 October 2012 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 11 December 2013.

> *Robbins May & Rich, LLP, by Neil T. Oakley, R. Palmer Sugg, and Robert M. Friesen, for plaintiffs-appellees.*

> *Gray, Layton, Kersh, Solomon, Furr, & Smith, P.A., by William E. Moore, Jr. and Marcus R. Carpenter, for defendant-appellant.*

DAVIS, Judge.

Charles Dexter Johnson ("Defendant") appeals from the trial court's 18 October 2012 orders (1) denying his motions to set aside the default judgments entered against him; and (2) awarding Robert Peter Dowd, III and Jonathan Carter Dowd (collectively "Plaintiffs") $1,500.00 in attorneys' fees. On appeal, Defendant contends that the default judgments entered

against him were void because Plaintiffs failed to properly serve him with process. After careful review, we reverse the trial court's order denying Defendant's motions to set aside the default judgments, vacate its sanctions order awarding attorneys' fees to Plaintiffs, and vacate the underlying default judgments.

## Factual Background

On 29 July 2008, Plaintiffs loaned Defendant $150,000.00 pursuant to a promissory note that was secured by a deed of trust. The property securing the loan was located in Moore County, North Carolina. Defendant made several payments but eventually defaulted on the loan, and Plaintiffs initiated foreclosure proceedings on the Moore County property. The trial court entered an order of sale authorizing the trustee to proceed with the foreclosure, and Defendant appealed to this Court, arguing that the trial court erred in denying his motion for a continuance. In an unpublished opinion, this Court held that the trial court did not abuse its discretion in denying Defendant's motion to continue and affirmed the court's order of sale. *See In re Foreclosure of Johnson*, ___ N.C. App. ___, 729 S.E.2d 128 (2012) (unpublished).

On 24 May 2010, Plaintiffs filed two separate actions in Moore County Superior Court against Defendant. The first action sought recovery of $57,500.00 based on Defendant's nonpayment of amounts due under the promissory note. The second action sought reformation of the deed of trust securing the promissory note.[1]

That same day, a civil summons was issued to Defendant listing 3574 Turnberry Circle, Fayetteville, North Carolina as his address. The Cumberland County Sheriff's Office attempted service at the Turnberry Circle address, but the summons was returned unserved with a notation that Defendant "no longer lives there." Plaintiffs also attempted to serve Defendant at that address via certified mail, but the mail was returned as undeliverable.

On 29 October 2010, a new civil summons was issued listing 2201 Skyview Drive, Fayetteville, North Carolina as Defendant's address. There is no indication in the record, however, that Plaintiffs ever attempted to actually serve Defendant at the Skyview Drive address.

---

[1] Plaintiffs' complaint seeking reformation of the deed of trust alleged that both parties intended for two parcels — a 7.3 acre parcel and a 1.44 acre parcel — to secure Defendant's repayment of the loan but that through a mutual mistake, the deed of trust included a description of only the 1.44 acre parcel.

Plaintiffs subsequently commenced service by publication in both actions. A Notice of Service of Process by Publication was published in *The Fayetteville Observer* on 29 November, 6 December, and 13 December 2010.

On 8 February 2011, Plaintiffs filed motions seeking default judgments regarding their claim to recover $57,500.00 under the promissory note and with respect to their claim for reformation of the deed of trust. Plaintiffs filed accompanying affidavits attesting to their service by publication efforts along with their respective motions. The trial court granted both of Plaintiffs' motions and on 17 March 2011 entered default judgments (1) awarding Plaintiffs $57,500.00 in damages and $8,625.00 in attorneys' fees; and (2) reforming the deed of trust to match the property description provided for in the plat recorded in Plat Cabinet 5, slide 109 at the Moore County Register of Deeds office.

On 21 August 2012, Defendant filed a motion for a temporary restraining order seeking to prevent the substitute trustee from commencing the foreclosure sale. On 31 August 2012, Defendant filed motions to set aside the default judgments pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. Defendant argued that the default judgments were void because

Plaintiffs failed to properly serve him with process such that the trial court lacked personal jurisdiction over Defendant when it entered the judgments. On 28 September 2012, Plaintiffs filed a motion for Rule 11 sanctions, alleging that Defendant's motions to set aside the judgments were not well grounded in fact or supported by existing law.

The trial court denied Defendant's Rule 60(b) motions by order entered 18 October 2012, ruling that Plaintiffs had exercised due diligence in their attempts to locate Defendant and that their service of process by publication as to Defendant was proper. The trial court further ordered that "no Notice of Appeal in this matter shall be filed with or accepted by the Clerk of Superior Court of Moore County until after such time as the Defendant shall have posted an Appeal Bond in the amount of Eighty-Eighty Thousand Dollars ($88,000.00)." Finally, the trial court entered a separate order on 18 October 2012 granting Plaintiffs' motion for Rule 11 sanctions and ordering Defendant to pay $1,500.00 in attorneys' fees.

Defendant attempted to file a notice of appeal from the 18 October 2012 orders on 19 November 2012, but the Moore County Clerk's Office marked out the file stamp and refused to accept the notice of appeal based on his failure to comply with the

trial court's requirement that he post an appeal bond in the amount of $88,000.00. On 8 May 2013, this Court granted *certiorari* to review the trial court's 18 October 2012 orders denying Defendant's motions to set aside the default judgments and granting Plaintiffs' motion for sanctions.

**Analysis**

**I. Default Judgments**

Defendant's primary argument on appeal is that the trial court erred in denying his motions to set aside the default judgments because Plaintiffs' service of process by publication was improper. We agree.

A trial court may set aside and relieve a defendant from a default judgment if the judgment entered is void. *See* N.C.R. Civ. P. 55(d) ("[I]f a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)); N.C.R. Civ. P. 60(b) ("[T]he court may relieve a party or his legal representative from a final judgment, order, or proceeding . . . [if] [t]he judgment is void . . . .").

> A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void. If a default judgment is void due to a defect in service of process, the trial court abuses its discretion if it does not grant a defendant's motion to set aside entry of default.

*Jones v. Wallis*, 211 N.C. App. 353, 356, 712 S.E.2d 180, 183 (2011) (citations and quotation marks omitted).

After Plaintiffs' attempts to serve Defendant at the Turnberry Circle address were unsuccessful, Plaintiffs elected to serve Defendant by publication in *The Fayetteville Observer*. Rule 4(j1) of the North Carolina Rules of Civil Procedure permits service of process by publication on a party that cannot, through due diligence, be otherwise served. *Cotton v. Jones*, 160 N.C. App. 701, 703, 586 S.E.2d 806, 808 (2003). Rule 4(j1) provides as follows:

> A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication. Except in actions involving jurisdiction in rem or quasi in rem as provided in section (k), service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending. If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first

> publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(a)(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served. . . .

N.C.R. Civ. P. 4(j1).

Because service by publication is in derogation of the common law, "statutes authorizing service of process by publication are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute." *Fountain v. Patrick*, 44 N.C. App. 584, 586, 261 S.E.2d 514, 516 (1980). In determining whether service of process by publication is proper, this Court first examines whether the defendant was actually subject to service by publication — meaning that the plaintiff exercised due diligence as required by Rule 4(j1) prior to serving the defendant by publication. *Jones*, 211 N.C. App. at 357, 712 S.E.2d at 183. "Due diligence dictates that plaintiff use all resources reasonably available to [him] in attempting to locate defendants. Where the information required for proper service of process is within plaintiff's knowledge or, with due

diligence, can be ascertained, service of process by publication is not proper." *Id.* (citation and quotation marks omitted).

In this case, we conclude that service of process by publication was improper because there is no indication in the record that Plaintiffs ever attempted service on Defendant at his Skyview Drive address despite having knowledge of said address. Indeed, the record shows that on 29 September 2010, approximately two months before Plaintiffs commenced service by publication, Defendant's counsel sent Plaintiffs' counsel an email stating as follows:

> One other thing I forgot to include. [Defendant] has asked me to provide you with his current mailing address, which is as follows: 2201 Skyview Dr., Fayetteville, NC 28304.
>
> Thx, steve

Although Plaintiffs caused a summons to be issued listing this address, the record is devoid of any evidence that service was ever actually attempted on Defendant at 2201 Skyview Drive. Indeed, Plaintiffs do not dispute the absence of such evidence in the record.

While the record reflects that Defendant has had numerous mailing addresses throughout this litigation, this cannot excuse Plaintiffs' failure to attempt service at the address provided

by Defendant's counsel and described as Defendant's "current mailing address." Because Plaintiffs did not try to serve Defendant personally or by certified mail at the Skyview Drive address, we cannot conclude that they exercised the due diligence required before resorting to service by publication. *See Thomas v. Thomas*, 43 N.C. App. 638, 646, 260 S.E.2d 163, 169 (1979) ("[S]ervice of process by publication is void . . . if the information required for personal service is within the plaintiff's actual knowledge or with due diligence could be ascertained.").

Plaintiffs contend that Defendant nevertheless submitted to the jurisdiction of the trial court — thereby waiving any alleged defects in service of process — by (1) filing a motion for a temporary restraining order; and (2) seeking injunctive and declaratory relief in his motions to set aside the default judgments. Plaintiffs' argument is without merit.

It is well established that by making a general appearance, a defendant "waives any defects in the jurisdiction of the court for want of valid summons or of proper service thereof." *Tobe-Williams v. New Hanover Cty. Bd. of Educ.*, ___ N.C. App. ___, ___ S.E.2d ___, slip op. at 16 (No. COA13-679) (filed Jun. 17, 2014) (citation omitted). In this case, however, Defendant "did

nothing that could be considered a general appearance prior to the entry of the [judgments] now challenged." *Barnes v. Wells*, 165 N.C. App. 575, 579, 599 S.E.2d 585, 588 (2004). Defendant is challenging the validity of default judgments entered on 17 March 2011 based on improper service of process. It was not until *after* the entry of the 17 March 2011 judgments that Defendant filed his motion for a temporary restraining order (on 21 August 2012) and his motions to set aside the default judgments (on 31 August 2012).

As we have previously explained, "[i]f the trial court lacked personal jurisdiction over [the party] when it entered the order, actions subsequent to that order could not retroactively supply jurisdiction." *Id.* at 580, 599 S.E.2d at 589. Because Defendant did not make a general appearance before the entry of the default judgments, he has not waived his objection to improper service of process. *See id.* (concluding that party did not waive personal jurisdiction objection based on improper service in moving for relief from order pursuant to Rule 60(b) because party did not make any general appearances prior to entry of order being challenged).

Because service by publication on Defendant was invalid, the trial court did not possess personal jurisdiction over

Defendant when it entered the 17 March 2011 default judgments. As such, these default judgments are void, and the trial court erred by denying Defendant's motions to set them aside. Consequently, we must reverse the trial court's 18 October 2012 order denying Defendant's motions to set aside and vacate the underlying default judgments. *Cotton*, 160 N.C. App. at 704, 586 S.E.2d at 808-09.

## II. Sanctions Order

We must also vacate the trial court's 18 October 2012 sanctions order. In its order, the trial court granted Plaintiffs' motion to impose Rule 11 sanctions against Defendant and ordered Defendant to pay $1,500.00 in attorneys' fees "incurred in the successful defense of Defendant's most recent motions."

Rule 11 states, in pertinent part, as follows:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any

> improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C.R. Civ. P. 11(a). If a pleading, motion, or paper is signed in violation of Rule 11, the trial court "shall impose . . . an appropriate sanction, which may include an order to pay the other party . . . reasonable expenses . . . including a reasonable attorney's fee." *Id.*

It is well established that analysis under Rule 11 is three-pronged, requiring the trial court to determine whether the pleading, motion, or paper is (1) factually sufficient; (2) legally sufficient; and (3) not filed for an improper purpose. *In re Will of Durham*, 206 N.C. App. 67, 71, 698 S.E.2d 112, 117 (2010). "A violation of any one of these requirements mandates the imposition of sanctions under Rule 11." *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994).

Here, we have already concluded that Defendant's motions to set aside the default judgments for lack of personal jurisdiction based on improper service were factually and legally meritorious. As such, Rule 11 sanctions are not appropriate based on either of the first two prongs. Accordingly, Rule 11 sanctions could only be appropriate if

Defendant's motions were filed for an improper purpose. *See Durham*, 206 N.C. App. at 72, 698 S.E.2d at 118 ("The improper purpose prong of Rule 11 is separate and distinct from the factual and legal sufficiency requirements. . . . Thus, even if a paper is well grounded in fact and in law, it may still violate Rule 11 if it is served or filed for an improper purpose." (citations, quotation marks, and alterations omitted)).

"An improper purpose is any purpose other than one to vindicate rights . . . or to put claims of right to a proper test." *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992) (citation and quotation marks omitted). When determining whether a motion was filed for an improper purpose, the relevant inquiry is "whether the existence of an improper purpose may be inferred from the alleged offender's objective behavior." *Id.*

Here, we have found no evidence in the record suggesting that Defendant filed his motions to set aside the default judgments for any improper purpose. Furthermore, the trial court's sanctions order did not contain any findings indicating that Defendant filed his motions for any such improper purpose, instead relying on its determination that the motions were not well grounded in fact or law to support its conclusion that

sanctions were appropriate. *See Page v. Roscoe, LLC*, 128 N.C. App. 678, 686, 497 S.E.2d 422, 428 (1998) (concluding that improper purpose prong of Rule 11 was not violated where there was no evidence suggesting that complaint was filed for improper purpose and trial court made no such findings). As such, Rule 11 sanctions were not appropriate in this case, and we vacate the trial court's sanctions order.[2]

## Conclusion

For the reasons stated above, we (1) reverse the trial court's order denying Defendant's Rule 60(b) motions; (2) vacate the order granting Plaintiffs' motion for sanctions; and (3) vacate the underlying default judgments entered 17 March 2011.

REVERSED AND VACATED.

Judges STEELMAN and STEPHENS concur.

---

[2] Defendant also challenges the validity of the $88,000.00 appeal bond set by the trial court. The authority of a trial court to impose an appeal bond is limited by statute. Plaintiffs contend that the bond imposed was appropriate under N.C. Gen. Stat. § 1-292, which requires an appellant to execute a bond of "a sum to be fixed by a judge" in order to stay execution of a judgment "direct[ing] the sale or delivery of possession of real property." N.C. Gen. Stat. § 1-292 (2013). Because the trial court's 18 October 2012 order denying Defendant's motions to set aside the default judgments did not "direct[] the sale or delivery of possession of real property," N.C. Gen. Stat. § 1-292 does not apply. However, because we granted *certiorari* to review the trial court's 18 October 2012 orders and Defendant was not ultimately required to execute the $88,000.00 appeal bond, we need not address with specificity each of Defendant's arguments regarding the validity of the appeal bond.